[No. 8,481.   Department Two.—November 20, 1884.]

## DAVID EVANS, RESPONDENT, *v.* W. S. BAILEY ET AL., APPELLANTS.

EVIDENCE—PLEADING—VARIANCE.—An alleged cause of action for goods sold and delivered is not sustained by proof of delivery of the goods to the defendant, to be sold on commission.

ID.—CORPORATION—PURCHASE OF STOCK OF ANOTHER CORPORATION.—A corporation is not presumed incapable of purchasing and holding shares of the stock of another.  The burden of proof is upon the party who claims that the purchase and ownership of the stock was not within the scope of the powers of the corporation.

ID.—BOOKS OF A CORPORATION—SHAREHOLDERS.—The books of a corporation are competent evidence to prove the number of shares of stock subscribed for and issued, and who were the stockholders at the time an alleged indebtedness accrued.

ID.—ARTICLES OF INCORPORATION.—Articles of incorporation are not admissible to show who were the shareholders at a time subsequent to the date of the articles.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts sufficiently appear in the opinion of the court.

*Estee & Boalt*, and *Ramon E. Wilson*, for Appellants.

*A. B. Hunt, G. A. Heinlin,* and  *U. Sanderberg,* for Respondent.

The COURT.—1. The cause of action, as stated in the complaint, is for goods sold and delivered to the defendant, the Cal-

ifornia Fruit and Meat Shipping Company, viz: cattle to the amount of $5,253.60, with a credit of $750, and that said defendant undertook and promised to pay said sum with interest. The plaintiff was the only witness sworn on his behalf: from his testimony it appears that one hundred and thirty-three head of the cattle were delivered to said company, to be by it slaughtered, and the meat sold on commission. The proof does not correspond with the allegation; the evidence does not sustain the finding in that regard.

2. The question of *ultra vires*, raised by the People's Ice Company, is not tenable. It does not appear that it was not within the scope of the powers of the People's Ice Company to acquire or hold stock of the California Fruit and Meat Shipping Company, under any circumstance, or for any purpose; and it does not appear under what circumstances the stock was acquired or held. (*Miners' Ditch Co.* v. *Zellerbach*, 37 Cal. 578.)

3. The books of the company were competent evidence to prove the number of shares which had been subscribed for and issued at the time the alleged indebtedness arose, and who were the shareholders.

4. The articles of incorporation, dated in 1877, would not necessarily show who were the shareholders, or in what amounts respectively, during the time from December, 1878, to February, 1879; therefore, no error is manifest in ruling out the articles.

For the error above noted, the judgment and order are reversed, and the cause is remanded for a new trial.