[No. 19226.   Department One.—March 1, 1894.]

## NAT KENNEDY, RESPONDENT, v. THE CALIFORNIA SAVINGS BANK ET AL., DEFENDANTS. THE CALIFORNIA NATIONAL BANK, APPELLANT.

CORPORATIONS—ULTRA VIRES—ESTOPPEL.—The defense of *ultra vires* is looked upon by courts with disfavor whenever it is presented for the purpose of avoiding an obligation which a corporation has assumed merely in excess of the powers conferred upon it, and not in violation of some express prohibition of the statute; and courts are inclined to treat the corporation as estopped from setting up such defense in all cases where it has received and retains the benefit of the transaction, and seeks by this plea to avoid its correlative obligation.

ID.—BANKS—OWNERSHIP OF STOCK—LIABILITY FOR INDEBTEDNESS.—A national bank which has received the stock of a savings bank, and still retains it, and has received dividends thereon, is estopped from denying its liability for its proportion of the indebtedness of the savings bank contracted during the time of its ownership of stock therein.

ID.—POWER OF NATIONAL BANK—SHARES IN ANOTHER CORPORATION.—A national bank is not expressly prohibited from becoming a stockholder in another corporation, and may take shares in another corporation as collateral security for a loan made by it, or in satisfaction for a loan for which it had been pledged to it as security.

ID.—NOTICE TO THIRD PERSONS—PRESUMPTIONS.—The national bank having registered itself upon the books of the savings bank as a stockholder, a person dealing with the savings bank will be justified in assuming that the national bank has become such stockholder by virtue of a transaction within its power rather than in violation of the laws of its creation, and strangers having no notice in fact of an unlawful purpose are entitled to rely upon the presumption of law that the stock was held for the lawful purposes of the corporation.

APPEAL from a judgment of the Superior Court of San Diego County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*James E. Wadham,* for Appellant.

A banking corporation cannot purchase stock in other corporations unless expressly authorized by its charter or by law to do so. (*First Nat. Bank* v. *National Bank of Baltimore,* 92 U. S. 122; *Mutual Sav. Bank etc. Assn.* v. *Wilcox,* 24 Conn. 153, 159; *Weckler* v. *First Nat. Bank,* 42 Md. 581, 590, 591; *Berry* v. *Yates,* 24 Barb. 199, 210; *Central R. R. Co.* v. *Collins,* 40 Ga. 628; *Hazlehurst* v. *Savannah etc. R. R. Co.,* 43 Ga. 57; *Franklin Co.* v. *Lewiston Sav. Bank,* 68 Me. 43; *Fowler* v. *Scully,* 72 Pa. St. 456; 13 Am. Rep. 699; 1 Morse on Banks and Banking, sec. 59; *Sacket's Harbor Bank* v. *Lewis Co. Bank,* 11 Barb. 213; *Ashbury R. R. etc. Co.* v. *Riche,* L. R. 7 H. L. 653.) Acts not within the general scope of the powers of a national banking corporation are void *in toto* as a corporate act. (*Zottman* v. *San Francisco,* 20 Cal. 109; 81 Am. Dec. 96; *New York Firemen Ins. Co.* v. *Ely,* 5 Conn. 560; 13 Am. Dec. 100.) The bank is not estopped from setting up the defense of *ultra vires.* (*Pennsylvania etc. R. R.* v. *St. Louis etc. R. R. Co.,* 118 U. S. 307; *Thomas* v. *West Jersey R. R. Co.,* 101 U. S. 86; *Central Trans. Co.* v. *Pullman Palace Car Co.,* 139 U. S. 24. See, also, *Miners' Ditch Co.* v. *Zellerbach,* 37 Cal. 543, 578; 99 Am. Dec. 300; Green's Brice's Ultra Vires, 748; *McPherson* v. *Foster,* 43 Iowa, 48; 22 Am. Rep. 215; Proffatt on Corporations, sec. 354, note.)

*William H. Fuller,* and *Works & Works,* for Respondent.

The California National Bank having placed in its treasury dividends upon the stock which it holds in the California Savings Bank it should not be permitted to set up the defense of *ultra vires.* (*Main* v. *Cassery,* 67 Cal. 127; *Pixley* v. *Western Pac. R. R. Co.,* 33 Cal. 183; 91 Am. Dec. 623; *Bradley* v. *Ballard,* 55 Ill. 413.)

HARRISON, J.—During the year 1891 the plaintiff deposited with the California Savings Bank, one of the defendants herein, different sums of money, for which the said defendant issued to him its several certificates of

deposit, amounting in the aggregate to forty-five thousand dollars. On the 12th of November, 1891, the plaintiff demanded of the savings bank payment of the amount of said certificates, and, upon its refusal, brought this action, making the other defendants parties to the action, for the purpose of recovering from them their proportion of said indebtedness as stockholders in the California Savings Bank. Judgment was recovered against the savings bank for the full amount of the claim, and against the other defendants for their respective proportions thereof as such stockholders. The California National Bank, one of the defendants, has appealed upon the ground that by virtue of the statutes under which it is organized it had no power to become a stockholder in another corporation, and that its act in becoming such stockholder is so far *ultra vires* that it cannot be made liable for any portion of the indebtedness of the corporation. The California Savings Bank was organized January 13, 1890. September 10, 1890, nine hundred and ninety shares of its capital stock was issued to J. W. Collins, cashier of the California National Bank, and on January 2, 1891, the certificates representing these shares were canceled, and one certificate therefor was issued to the California National Bank, and was thereafter held by it until after the commencement of this action. During this period two dividends upon the stock were paid by the savings bank to the appellant.

The defense of *ultra vires* is looked upon by courts with disfavor whenever it is presented for the purpose of avoiding an obligation which a corporation has assumed merely in excess of the powers conferred upon it, and not in violation of some express prohibition of the statute. Courts are inclined to treat the corporation as estopped from setting up this defense in all cases where it has received and retains the benefit of the transaction, and seeks by this plea to avoid its correlative obligation.

In *Evans* v. *Bailey*, 66 Cal. 112, an action was brought

against the stockholders of the California Fruit and Meat Shipping Company to recover from them their respective proportions of certain indebtedness to the plaintiff of that corporation. One of these defendants was the People's Ice Company, another corporation which held a thousand shares of the capital stock of the corporation debtor, and to its objection that it was *ultra vires* for it to hold stock in another corporation, it was held that as it did not appear that it was not within the scope of its power to hold stock in the defendant corporation under any circumstances, or for any purpose, and as the circumstances under which it had acquired the stock were not shown, the defense could not be maintained.

There is no provision in the statute by which a national bank is expressly prohibited from becoming a stockholder in another corporation, and, while it may be conceded that its subscription to the shares of another corporation would be so far in excess of the powers conferred by the statute under which it is organized that the executory contract therefor would not be enforced, it by no means follows that, if such contract is executed, and it has been registered as such stockholder, it is not entitled to a voice in its corporate management, or to its share of the corporate earnings while the corporation is in existence, or of its assets upon a dissolution thereof. It may take shares in another corporation as collateral security for a loan made by it, and, if the loan is not paid, it may become the owner of those shares, and have them registered in its name upon the books of that corporation; and in such a case it is subject to the same liabilities as any other stockholder. In *National Bank* v. *Case*, 99 U. S. 628, the bank had become a stockholder in another corporation under such circumstances, and it was held to be liable for its proportion of the debts of the corporation in which it had been a stockholder, although it had transferred the stock to one of its clerks for the purpose of avoiding such liability.

As the appellant herein could have taken the stock of the savings bank in satisfaction of a loan for which it had been pledged to it as security, it was within the scope of its power to become a stockholder therein, so that it cannot be said that it was prohibited by statute from becoming such stockholder. Having caused itself to be registered upon the books of the corporation as a stockholder, any person dealing with the corporation would be justified in assuming that it had become such stockholder by virtue of a transaction within its power, rather than in violation of the laws of its creation, and, so long as it held itself out as such, it ought not to be permitted to defend against its liability as such stockholder by showing that it had become such in violation of law. "Strangers are presumed to know the law of the land, and they are bound when dealing with corporations to know the powers conferred by their charter. These are open to their inspection, and it is easy to determine whether the act is within the scope of the general powers conferred for that purpose, but they have no access to the private papers of the corporation, or to the motives which govern directors and stockholders, and no means of knowing the purposes for which an act that may be lawful for some purposes is done. The very fact that the appointed officers of the corporation assume to do an act in the apparent performance of their duties, which they are authorized to perform for the lawful purposes of the corporation, is a representation to those dealing with them that the act performed is for a proper purpose, and such is the presumption of the law, and upon this presumption strangers, having no notice in fact of the unlawful purpose, are entitled to rely." (*Miners' Ditch Co.* v. *Zellerbach,* 37 Cal. 587; 99 Am. Dec. 30.)

The appellant has not repudiated the agreement under which it received the stock, but still retains it, and, so far as is shown by the record, claims to be the owner of it, and to share in all the earnings and assets of the corporation. During the period that it has claimed to

be such owner it has received dividends out of the assets of the savings bank, and to that extent diminished the corporate property which otherwise might have been appropriated in satisfaction of the plaintiff's claim. (See *Mitchell* v. *Beckman*, 64 Cal. 117.)   Having had the benefit of the transaction, and still enjoying its fruits, it is estopped from denying a liability which is correlative to such benefit and fruits, and dependent thereon. (See Morse on Banking, sec. 735.)

The judgment and order are affirmed.

GAROUTTE J., and PATERSON, J., concurring.

Hearing in Bank denied.