[No. 19354.    Department Two.—August 13, 1894.]

## C. H. BROWN, APPELLANT, v. BOARD OF EDUCATION OF THE CITY OF POMONA, RESPONDENT.

MUNICIPAL CORPORATIONS—PLEADING—IMPLIED ASSUMPSIT.—A complaint against the board of education of a city averring that at the defendant's request the plaintiff made and delivered to defendant certain plans and specifications for public school buildings, to be built in the city, which were duly approved, accepted, and adopted by the defendant, and that the services of the plaintiff in preparing and furnishing the same. to the defendant were reasonably worth a certain stated sum of money,. payment of which plaintiff has demanded of defendant, and that the defendant has paid no part thereof, states a sufficient cause of action. upon an implied *assumpsit*.

ID.—CORPORATIONS—DEFENSE OF ULTRA VIRES—PRESUMPTION—VALIDITY OF CONTRACT.—When a corporation seeks to avoid its contract on the ground of its want of power to contract, where the contract is not upon its face necessarily beyond the scope of its authority, it will, in the absence of proof, be presumed to be valid, and the corporation must make good its defense of *ultra vires* by plea and proof.

ID.—POWER OF MUNICIPAL CORPORATION TO CONTRACT—DEMURRER.—With respect to mere ordinary business contracts a municipal, or *quasi* municipal, corporation, stands on the same footing with other corporations; and it is only where the contract could not legally be made by it under any conceivable circumstances that its inability to contract can be raised upon demurrer.

ID.—IMPLIED CONTRACTS OF CORPORATIONS—ASSUMPSIT.—Corporations may be bound by implied contracts within the scope of their authority; and municipal corporations are liable to actions of implied *assumpsit*.

ID.—PLEADING—COMMON COUNTS.—The rules of pleading are general, and are designed to embrace all persons, natural or artificial, capable of suing or being sued, and the common counts may be used in an action of *assumpsit* against a municipal corporation.

APPEAL from a judgment of the Superior Court of Los Angeles County.

The facts are stated in the opinion of the court.

*Wells, Monroe & Lee,* and *William Pollard,* for Appellant.

It is well settled in relation to the contracts of corporations that where the question is one of capacity or authority to contract arising either on a question of regularity of organization or of power conferred by

the statutes a party who has had the benefit of the contract cannot be permitted in an action founded upon it to question its validity. (Sedgwick on Statutory and Constitutional Law, 90; *Silver Lake Bank* v. *North*, 4 Johns. Ch. 370; *State* v. *Woram*, 6 Hill, 37; 40 Am. Dec. 378; *Steam Nav. Co.* v. *Weed*, 17 Barb. 378; *Chester Glass Co.* v. *Dewey*, 16 Mass. 94; 8 Am. Dec. 128; *Steamboat Co.* v. *McCutcheon*, 13 Pa. 13; *Sacket's Harbor Bank* v. *Lewis County Bank*, 11 Barb. 213.) It is also well settled that the contracts of corporations stand upon the same footing as those of natural persons, and depend upon the same circumstances for their validity and effect. There is no difference in this respect between public and private corporations. (Angell and Ames on Corporations, secs. 38, n., 219, 238; *Seagraves* v. *Alton*, 13 Ill. 366; *City of Dayton* v. *Pease*, 4 Ohio St. 80; *Allegheny City* v. *McClurkan*, 14 Pa. St. 81; *Underwood* v. *Newport Lyceum*, 5 B. Mon. 129; 41 Am. Dec. 260; *Degrave* v. *Corporation*, 19 Eng. Com. L. 109; *Holland* v. *San Francisco*, 7 Cal. 361; *Argenti* v. *San Francisco*, 16 Cal. 255. See, also, *Bank of United States* v. *Dandridge*, 12 Wheat. 64; *Delafield* v. *State*, 26 Wend. 192; *McCombs* v. *Akron*, 15 Ohio, 474; *Mayor* v. *Bailey*, 2 Denio, 433; *Bank of Chillicothe* v. *Town of Chillicothe*, 7 Ohio (pt. 2), 31; 30 Am. Dec. 185; *Rhodes* v. *Cincinnati*, 10 Ohio, 159; 36 Am. Dec. 82.) Under the authorities, it seems clear that the board of education may be held liable on *quantum meruit*, as the services were duly performed and accepted by the defendant board. (*Hall* v. *Los Angeles Co.*, 74 Cal. 502; *Brady* v. *Mayor etc.*, 20 N. Y. 319; *Harlem Gaslight Co.* v. *Mayor etc.*, 33 N. Y. 309; *Brass Foundry & M. Works* v. *Parke Co.*, 115 Ind. 235–44; *First Nat. Bank of Crawfordsville* v. *Union School Tp.*, 75 Ind. 361; *Cullen* v. *Town of Carthage*, 103 Ind. 196; 53 Am. Rep. 504; 1 Dillon on Municipal Corporations, secs. 449, 463, 464.) Corporations will be bound by implied contracts as well as express. (1 Dillon on Municipal Corporations, sec. 459; *Ross* v. *City of Madison*, 1 Ind. 281; 48 Am. Dec. 361;

*School Town etc.* v. *Gebhart,* 61 Ind. 187; *Peterson* v. *Mayor etc.,* 17 N. Y. 449; *Hall* v. *Los Angeles Co.,* 74 Cal. 502.)

*W. A. Bell,* and *C. E. Sumner,* for Respondent.

The power of the board of education to build school-houses is limited by the statute providing for such building only "when directed by a vote of their district," and "with the approval of the board of trustees." (Pol. Code, sec. 1617, subd. 5; Municipal Corporation Act, sec. 798, subd. 6 (1883).) As the complaint shows upon its face that the board of education had not the legal capacity to contract for the services in question, the contract is void and not capable of ratification, and an action of *quantum meruit* will not lie, as the law will not imply an agreement or obligation to do that which it has forbidden the party to do, and persons dealing with public corporations or public officers are chargeable with full knowledge of their powers, and act at their peril. (*Zottman* v. *San Francisco,* 20 Cal. 96; 81 Am. Dec. 96; *Murphy* v. *Napa County,* 20 Cal. 502; *Wallace* v. *San Jose,* 29 Cal. 181; *Herzo* v. *San Francisco,* 33 Cal. 145; *Daly* v. *San Francisco,* 72 Cal. 154; *Barry* v. *Goad,* 89 Cal. 215; *French* v. *Teschemaker,* 24 Cal. 550; *Nicolson Paving Co.* v. *Painter,* 35 Cal. 699; *McCullough* v. *Board of Education,* 51 Cal. 418; *McCoy* v. *Briant,* 53 Cal. 248; *McBean* v. *San Bernardino,* 96 Cal. 187; Dillon on Municipal Corporations, secs. 372, 373; 15 Am. & Eng. Ency. of Law, p. 1086, sec. 3, and notes; *McDonald* v. *New York,* 68 N. Y. 23; 23 Am. Rep. 144; *Detroit* v. *Robinson,* 38 Mich. 108; *Bigler* v. *Mayor of New York,* 5 Abb. N. C. 51; *Detroit* v. *Michigan Pav. Co.,* 36 Mich. 335; *Davenport* v. *Kleinschmidt,* 6 Mont. 502; Cooley's Constitutional Limitations, 5th ed., 233-35, and notes; 1 Beach on Public Corporations, secs. 625, 627, 628.)

McFARLAND, J.—The court below sustained a demurrer to the complaint, upon the ground that it does not state facts sufficient to constitute a cause of action, and

plaintiff declining to amend, judgment was rendered for defendant. Plaintiff appeals from the judgment.

It is averred in the complaint that, at defendant's request, the plaintiff made and delivered to defendant certain plans and specifications for two public school buildings, to be built in the city of Pomona, which were duly approved, accepted, and adopted by defendant; that the services of plaintiff in preparing and furnishing the same to defendant were reasonably worth a certain stated sum of money; that plaintiff has demanded of defendant payment of said sum of money; and that defendant has not, nor has any one, paid the same or any part thereof, and the whole thereof remains due and unpaid. The prayer is for judgment for said sum of money.

It is clear that the question here involved—and the only question upon which we can pass—is a pure question of pleading. The decisions of this court cited by counsel for respondent, declaring the general doctrine that a contract which a municipal corporation attempts to make in violation of or beyond its chartered powers is void, are not in point, for they were made upon facts found on issues joined. No one of them—from *Zottman* v. *San Francisco,* 20 Cal. 96, 81 Am. Dec. 96, to *Barry* v. *Goad,* 89 Cal. 215,—dealt with a question of pleading such as is presented in the case at bar. It is contended by respondent that the defendant had no power to make the contract sued on; but surely when a corporation seeks to avoid its own contract on the ground of its want of power to contract it must make good its defense of *ultra vires* by plea and proof. "A contract by a corporation, which is not upon its face necessarily beyond the scope of its authority, will, in the absence of proof, be presumed to be valid." (*Union W. Co.* v. *Murphy's Flat Fluming Co.,* 22 Cal. 621; *Shaver* v. *Bear River etc. Co.,* 10 Cal. 400; *Evans* v. *Bailey,* 66 Cal. 112; *Miners' Ditch Co.* v. *Zellerbach,* 37 Cal. 543; 99 Am. Dec. 300.) And with respect to mere ordinary business contracts a municipal, or *quasi* municipal, corporation stands on

the same footing with other corporations.   If a contract for the drawing of plans and specifications in anticipation of proceedings for the building of a schoolhouse was entirely beyond the scope of the powers of the respondent, and could not be legally made by it under any conceivable circumstances, then the point sought to be made by respondent might perhaps be raised on demurrer; but the position that respondent could not, under any circumstances, make such a contract is not tenable.   We do not understand respondent to insist on that position, his contention being that such a contract can be made only under certain circumstances.   As to the form of the complaint, we think it sufficient.   "Corporations may be bound by implied contracts within the scope of their authority"; and "municipal corporations are liable to actions of implied *assumpsit.*"   (Dillon on Municipal Corporations, secs. 459, 938.)   And in *Hunt* v. *San Francisco*, 11 Cal. 258, the court said: "We have held that the common counts, in the usual form adopted under the old system of pleading, are good in actions against private persons.   And we cannot see either the necessity or propriety of holding a different rule in respect to corporations of whatever kind.   The rules of pleading are general.   They are designed to embrace all persons, natural or artificial, capable of suing or being sued."

With the real merits of this case, as they may appear when properly presented, we cannot deal on this appeal. If the contract sued on was invalid or void, or if for any reason it was one which appellant cannot enforce, respondent can defeat the action upon sufficient answer and evidence.   But we think that the court erred in sustaining the demurrer.

The judgment is reversed, with directions to the superior court to overrule the demurrer to the complaint.

FITZGERALD, J., and DE HAVEN, J., concurred.

Hearing in Bank denied.