[Civ. No. 1398. First Appellate District.—December 10, 1913.]

FRIEDA R. MAJOR et al., Appellants, v. DAVID F.
WALKER, et al., Defendants and Respondents;
WALTER H. LINFORTH, Administrator etc., Defend-
ant and Respondent.

CORPORATION—MISAPPROPRIATION BY DIRECTOR—NATURE OF LIABILITY
THEREFOR—SURVIVORSHIP OF ACTION.—The liability of a director
of a corporation to its stockholders and creditors for the embezzle-
ment and misappropriation of its funds is contractual, not penal
in its nature, and a cause of action to enforce it survives his death
and may be prosecuted against his administrator.

ID.—DEATH OF DEFENDANT—SUBSTITUTION OF ADMINISTRATOR.—When
an action has been brought against a director of a corporation
for an embezzlement and misappropriation of its funds, it is error,
after his death, to dismiss the action and to vacate a previous
order substituting the administrator of his estate as party de-
fendant.

APPEAL from orders of the Superior Court of the City
and County of San Francisco dismissing action and vacating
substitution of administrator as party defendant. J. M.
Seawell, Judge.

The facts are stated in the opinion of the court.

Daniel O'Connell, for Appellants.

Ross & Ross, for Respondents.

RICHARDS, J.—This is an appeal from an order of the
superior court in and for the city and county of San Fran-
cisco, setting aside its order theretofore made, substituting
Walter H. Linforth, administrator of the estate of David F.
Walker, deceased, in the place and stead of said David F.
Walker, who, prior to his death, had been one of the defend-
ants in the case, and from a further order dismissing the
action as to said defendant Walker.

The facts of the case leading up to the entry of the orders
appealed from are the following: The plaintiffs Frieda R.
Major and Kate O'Connell, the administratrix of the estate
of George P. Connell, deceased, each brought a separate ac-

23 Cal. App.—30

tion against David F. Walker, and a number of other persons, directors of the California Safe Deposit & Trust Company, to enforce the alleged liability of the defendants as such directors, for the alleged mismanagement of the institution. These two actions were consolidated in the court in which they were pending; and thereafter and during the lifetime of David F. Walker the plaintiffs filed therein their fifth amended complaint, wherein, purporting to act not only for themselves, but also on behalf of all of the depositors and creditors of said corporation, numbering several thousand persons, they seek to enforce the aforesaid liability of the defendants for the mismanagement of the corporate affairs.

Subsequent to the filing of this fifth amended complaint David F. Walker died, and Walter H. Linforth was duly appointed administrator with the will annexed of his estate. Thereafter and on February 9, 1912, upon the suggestion of the attorney for plaintiffs, the court made its *ex parte* order substituting said Walter H. Linforth, administrator, etc., as a party defendant in the place and stead of said Walker. Upon April 20, 1912, upon motion of said Linforth, the court made an order setting aside its previous order of substitution, and further ordered that the action be dismissed as to said David F. Walker, deceased.

It is from these orders that this appeal has been taken.

The only substantial question presented upon this appeal is as to whether an action begun for the enforcement of the liability of a director of a corporation under section 3 of article XII of the state constitution, survives the death of said director.

The section under review reads as follows: "Each stockholder of a corporation, or joint stock association, shall be individually and personally liable for such proportion of all its debts and liabilities contracted or incurred, during the time he was a stockholder, as the amount of stock or shares owned by him bears to the whole of the subscribed capital stock, or shares of the corporation or association. The directors or trustees of corporations and joint stock associations shall be jointly and severally liable to the creditors and stockholders for all moneys embezzled or misappropriated by the officers of such corporation of joint stock association during the term

of office of such director or trustee." (Const., art. XII, sec. 3.)

The respondent upon this appeal contended in the lower court and here contends that the liability of the directors of a corporation for the embezzlement or misappropriation of its funds is a liability not founded upon contract, but is a liability penal in its nature; and hence that the cause of action to enforce such liability died with the death of David F. Walker and did not survive against his administrator or estate.

The question as to whether the liability of directors of a corporation for the embezzlement or misappropriation of its funds is contractual and not penal in its nature, has been decided adversely to the respondents' contention by the supreme court of this state in the case of *Winchester* v. *Howard,* 136 Cal. 432, [89 Am. St. Rep. 153, 69 Pac. 77]. This case is in no wise to be distinguished from the present one in so far as the nature of a director's liability is concerned; and the language of this decision has been adopted by the United States circuit court of appeals in the several cases of *In re Brown,* 164 Fed. 673, [90 C. C. A. 489]; *In re Bartnett,* 164 Fed. 679, [90 C. C. A. 495], and *Walker* v. *Woodside,* 164 Fed. 680, [90 C. C. A. 644], in each of which cases it will be noted that the same corporation and the same parties were before the federal court which are before this court, and upon the same questions raised by this appeal.

In view of the foregoing rulings of the state and federal tribunals to the effect that the liability of a director of a corporation to its stockholders and creditors for the embezzlement and misappropriation of its funds is contractual and not penal in its nature, this court is constrained to hold that the contention of the respondent herein that the cause of action attempted to be set up in the plaintiff's fifth amended complaint did not survive the death of David F. Walker, cannot be upheld. It would follow that since such cause of action survived and could be prosecuted against the executor or administrator of the decedent's estate under section 1582 of the Code of Civil Procedure, the order of the superior court in which this action was pending, directing the substitution of Walter H. Linforth, as administrator with the will annexed of the estate of David F. Walker, deceased, in the place and

stead of said David F. Walker, upon the suggestion of the latter's death, was a proper order, and that the same should not have been set aside, nor should the action have been dismissed against David F. Walker.

In the adoption of these views the court has not deemed it proper to take into account any of the alleged infirmities of the plaintiff's complaint; and especially its asserted insufficiency in the failure to aver that a claim has been presented against the estate of David F. Walker, deceased, in respect to the liability sought to be enforced in this action. These are matters for the consideration of the trial court upon objections therein properly presented to the form and substance of the plaintiff's fifth amended complaint.

The orders appealed from are reversed.

Lennon, P. J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 6, 1914.