[Civ. No. 1839. First Appellate District.—December 26, 1916.]

HARRIETT LININGER, Appellant, v. MONIMIA L. BOTSFORD et al., Respondents.

CORPORATIONS—NEGLIGENCE—PERSONAL INJURIES—LIABILITY OF STOCK-HOLDERS.—The liability of a stockholder of a corporation under the provisions of section 3 of article XII of the constitution, and section 322 of the Civil Code, extends to the payment of damages for personal injuries caused by the negligence of the corporation.

ID.—DEATH OF STOCKHOLDER—SURVIVAL OF LIABILITY.—A cause of action against a stockholder of a corporation for damages for personal injuries caused by the negligence of the corporation does not die with the stockholder, but survives and may be enforced against his estate, as the liability is not penal but contractual in its nature.

ID.—HOLDING OF STOCK BY SUBSIDIARY CORPORATION—LIABILITY OF STOCKHOLDERS NOT AFFECTED.—Stockholders of a corporation cannot avoid any part of their statutory liability by reason of the fact that a portion of the corporation's own stock is held through a secondary company.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. John Hunt, Judge.

The facts are stated in the opinion of the court.

Clarence N. Riggins, and R. H. Cross, for Appellant.

Chickering & Gregory, Trippet, Chapman & Biby, John T. York, Guy C. Earl, Trask, Norton & Brown, and Frank J. Solinsky, for Respondents.

KERRIGAN, J.—This action was brought by plaintiff against the defendants as stockholders in the San Francisco, Vallejo, and Napa Valley Railroad (hereinafter referred to as the Napa Valley company), for damages for personal injuries sustained by her in a collision between one of the cars of said company and the automobile in which she was riding.

The defendants demurred to the third amended complaint and moved to strike out certain parts thereof. The demurrer was sustained and the motion granted, and upon the refusal of plaintiff to further amend her complaint, judgment was entered for defendants, from which judgment plaintiff prosecutes this appeal.

The questions involved in the appeal are as follows: (1) Whether or not a stockholder's statutory liability extends to the payment of damages for personal injuries; (2) If so, does such liability survive? And (3) In such an action can the stockholders of a corporation be held directly liable on stock in such corporation held by another corporation virtually all of whose capital stock in turn is held and owned by the former company.

At the outset we desire to say that in the solution of these questions we have been afforded little or no assistance by the numerous counsel for the respondents, none of them having filed a brief, although requested so to do; and it would seem that they have practically abandoned the contentions that they urged in the trial court.

With reference to the first question, the Civil Code and the constitution of this state provide in substance that each stockholder of a corporation shall be liable for such proportion of all its debts and liabilities contracted or incurred during the time he was such stockholder as the amount of stock owned by him bears to the subscribed capital stock of the corporation. (Const., art. XII, sec. 3; Civ. Code, sec. 322.)

In different jurisdictions where this character of legislation exists, the statutes are not uniform with regard to the character of debts or liabilities as to which this stockholders' liability is imposed. In some it is limited to *debts* of the corporation, and the preponderance of authority perhaps, in such cases, is that liabilities *ex delicto* are excluded (*B. F. Avery & Sons* v. *McClure,* 22 L. R. A. (N. S.) 256, note; 7 R. C. L. 375, 376), but see *Rider* v. *Fritchey,* 49 Ohio St. 285, [15 L. R. A. 513, 30 N. E. 692]). However this may be, our constitutional and statutory provisions do not so limit the liability. In express terms they include debts and liabilities, and its language, in our opinion, is broad enough to embrace involuntary obligations imposed upon corporations for negligent or tortious acts, and is too plain to warrant the court in holding that it does not include liability for wrongful acts not arising from contract. In this state the word "liability" has been held to apply to the obligation arising from the commission of torts as well as from breaches of contract (*Miller & Lux* v. *Kern County Land Co.,* 134 Cal. 586, [66 Pac. 856]). The provisions here involved are remedial in character, and should receive a liberal construction, one which will include within its scope as well a demand for damages for a tort as a claim for a debt arising upon contract (*Rider* v. *Fritchey,* 49 Ohio St. 285, [15 L. R. A. 513, 30 N. E. 692]). We conclude, therefore, that the language of the constitution and code plainly covers liability on the part of a stockholder for claims against the corporation for damages consequent upon torts of this character (*Kelly* v. *Clark (4th of July Min. Co.),* 21 Mont. 291, [69 Am. St. Rep. 668, 42 L. R. A. 621, 53 Pac. 959]; *Buttner* v. *Adams,* 236 Fed. 105).

As to the second question, it has been said that whether a cause of action against a stockholder for a tortious act of the corporation survives depends upon its nature. Accordingly, many cases can be found to the effect that a cause of action which is penal in character does not survive the wrongdoer's

death; and therefore a cause of action against a stockholder for such tort, being penal in its nature, does not survive the stockholder's death (1 R. C. L. 44). But we are not here concerned with the question of the liability of a stockholder in actions purely penal. The cause of action here involved is not of such a character, but is in the nature of a contractual obligation, and being so it does not die with the stockholder, but survives and may be enforced against his estate (*Major* v. *Walker*, 23 Cal. App. 465, [138 Pac. 360]; 10 Cyc. 668, 684, 719; 1 Corpus Juris, sec. 410; *Cochran* v. *Wiechers*, 119 N. Y. 399, [7 L. R. A. 553, 23 N. E. 803]; *Flash* v. *Conn*, 109 U. S. 371, [27 L. Ed. 966, 3 Sup. Ct. Rep. 263]; *Buttner* v. *Adams*, 236 Fed. 105).

Finally, as to the third point, as before stated, the action was brought against defendants as stockholders in the Napa Valley company. It is alleged in the complaint that at the time of the commencement of the action there was subscribed some twelve thousand five hundred shares in said company, of which five thousand were owned by the Vallejo, Benicia, and Napa Valley Railway Company, another corporation, virtually all the stock of which (4,986 out of a total issue of five thousand shares) was owned by the Napa Valley company. In other words, the substance of the allegations in this particular is that the Napa Valley company owned forty per cent of its own stock then outstanding, holding the same through the Benicia company, a subsidiary corporation. The record does not disclose under what conditions or for what purpose the stock was so held. The action of the trial court in sustaining the demurrer, so far as it relates to the question now being considered, and granting the motion to strike out parts of the third amended complaint, was based upon the theory that in pleading facts showing that the Benicia company was the holder of forty per cent of the stock of the Napa Valley company, the remaining stockholders of the latter company were thus shown to hold only sixty per cent of its subscribed capital stock, and that the liability of each stockholder must be calculated accordingly, which would bring the sum recoverable from certain of the defendants below the amount requisite to give jurisdiction to the superior court; and further, that the pleading of facts showing that the Napa Valley company owned stock in the Benicia company showed a liability on the part of the defendants, on

account of such stock holding by the Napa Valley company, separate and distinct from their liability upon the sixty per cent of the stock not held by the Benicia company; and that consequently the complaint improperly united two causes of action.

It is conceded by plaintiff that if the stock standing in the name of the Benicia company is to be regarded as *subscribed* capital stock of the Napa Valley company, the stockholders' liability upon which cannot be charged directly to the remaining stockholders of the latter company, the amount that can be recovered in this action against certain of the defendants is less than three hundred dollars, and that therefore as to them the trial court was without jurisdiction.

It must be conceded that as to the forty per cent of the stock of the Napa Valley company held by the Benicia company the ultimate stockholder's liability thereon rests upon the holders of the remaining sixty per cent; for the liability of the Benicia company as a stockholder of the Napa Valley company is in its turn a liability of the Napa Valley company by reason of its ownership of the capital stock of the Benicia company, and that liability correspondingly is a statutory liability of the defendants as stockholders of the Napa Valley company.

Both by the constitution and section 322 of the Civil Code the proportionate amount of a stockholder's liability is based upon the amount of the *subscribed* capital stock; and it will not be denied that if the forty per cent of the stock of the Napa Valley company held by the Benicia company still remained in the treasury of the Napa Valley company it would not be *subscribed* capital stock, and the whole stockholders' liability to creditors would be that incident to the remaining sixty per cent. It must also be conceded that since the ownership of this forty per cent rests in the Napa Valley company by reason of its ownership of the stock of the Benicia company, the situation of that forty per cent is logically and legally the same as if it were mere unissued treasury stock. For that reason—and also upon the well-recognized legal principles (1) that courts look to the substance rather than to the form; and (2) that they regard with disfavor a multiplicity of actions for the purpose of attaining a single end— we see no reason why the plaintiff could not, by pleading all the facts of the situation, directly charge the defendants here

as the ultimate owners of all the *subscribed* capital stock of the Napa Valley company; nor why she should be compelled to split her demand into two parts, one of sixty per cent and the other of forty per cent, when the individuals liable for the sixty per cent are ultimately liable for the forty per cent also.

There are cases holding that where one person or one corporation owns all the stock of another corporation, the separate entity of the latter cannot be ignored, and the stockholder or holding corporation held liable for its debts (2 Cook on Corporations (5th ed.), secs. 663, 664, and cases cited). But these cases deal with obligations of the corporation where it was sought to hold what might be termed the "equitable" debtors where no constitutional or statutory liability had been imposed upon them for the corporation's debts. In this state such liability is direct and primary; and an action lies directly against the stockholders, and need not be based upon a judgment against the corporation (*Western Pacific R. Co.* v. *Godfrey*, 166 Cal. 346, [Ann. Cas. 1915B, 825, 136 Pac. 284]; *Eva* v. *Andersen*, 166 Cal. 420, [137 Pac. 16]). Here the action is against the ultimate stockholders of the corporation whose liability is primary, and is conditional or contingent only upon the fact that there must be a subsisting debt or liability of the corporation. It seems to us that it makes no difference through what channel the ownership of the stock may be traced, whether through a holding company or an individual. It is here alleged that the Benicia company owns forty per cent of the stock of the Napa Valley company, which in turn owns virtually the entire stock of the Benicia company, and that the defendants are the owners of the remaining sixty per cent of the Napa Valley company's stock, which, as we have seen, is the only stock which can be truly designated as *subscribed* capital stock.

We are of the opinion, therefore, that the plaintiff had the right to sue the defendants directly as the only persons charged with the statutory liability sought to be reached; that the sixty per cent of the stock of the Napa Valley company held by them was for the purpose of computing the stockholders' liability—or, at least, might at the option of the plaintiff be regarded as the only subscribed capital stock, and was chargeable with the total debts and liabilities of the issuing corporation; and that while it was proper for

plaintiff to plead all the facts by which the ownership of' stock of the two corporations in one another was disclosed, the setting forth of those facts did not, as claimed by respondents, constitute an improper joining of two causes of action, and that therefore the trial court erred in sustaining the demurrer to the third amended complaint and in striking out portions thereof.

For the reasons given the judgment is reversed, and the cause remanded to the trial court with instructions to overrule the demurrers, deny the motion to strike out, and permit the defendants to answer.

Lennon, P. J., and Richards, J., concurred.