[Civ. No. 6514.   First Appellate District, Division One.—December 28, 1928.]

JAMES H. TODD, Appellant, v. TEMPLE HOSPITAL ASSOCIATION, INC. (a Corporation) et al., Respondents.

Clark, Nichols & Eltse for Appellant.

Eugene D. Bennet, Carl F. Wood, John H. Crabbe, Bradford Webster, Edward D. Knight, Max Mayer and J. E. White for Respondents.

THE COURT.—The above action was brought by an assignee for collection to recover upon three promissory notes and an account for work and labor. The trial court found that the three notes, which were set forth in the first, second, and fourth causes of action in the complaint and dated, respectively, the first and twenty-third days of June, 1922, were executed for value received by Temple Hospital Association, Incorporated, a corporation, the several amounts thereof with the names of the payees and the dates when payable being as follows: the first note was for $25,000, payable sixty days after date to the First National Bank of Emeryville; and second for $3,322.16, payable on December 23, 1922, to Bush Electric Corporation, and the third for $600, payable ninety days after date to the above-named

bank. Each note carried interest and provided for the payment of an attorney's fee in the event of suit.

The court found, with respect to the third cause of action, that the above-named corporation defendant between July 31, 1921, and August 31, 1922, became indebted to Troy Laundry upon an open book account for laundry work in the sum of $950, no part of which has been paid. It was also found that no part of the principal sums of the notes had been paid, and the interest on the first note had been paid to March 31, 1923, but no findings with respect to interest payments on the other notes were made.

The plaintiff, in addition to a recovery against defendant Temple Hospital Association, Inc., sought to recover against defendants L. F. Herrick and Temple Hospital Association of California, a corporation, alleged to have been the owners of a majority of the stock of the first-named corporation defendant, and also against defendants Frye, Miller, Webster, Crabbe, and Mayer, alleged to have been the owners of certain shares of stock in defendant Temple Hospital Association of California.

As to the total number of shares of the capital stock of defendant Temple Hospital Association, Inc., subscribed and outstanding, and the number of such shares owned by defendants Herrick and Temple Hospital Association of California at the times when the above notes were executed and the indebtedness evidenced thereby and by the book account was incurred, the court found with respect to the first cause of action that the number of shares subscribed and outstanding was 2,477; the second, 2,077 shares, and the third and fourth, 2,477 shares, of which at all the times mentioned in the complaint defendant Herrick owned 400 shares and defendant Temple Hospital Association of California 1,567 shares. It was also found that during all of said times defendant Temple Hospital Association of California had subscribed and outstanding 2,285 shares of its capital stock, of which the remaining defendants owned the following shares: Richard L. Frye, 401 shares; L. C. Miller, 401 shares; Bradford Webster, one share; J. H. Crabbe, Bradford Webster and Max Mayer, as copartners, 200 shares. With regard to the assignments, the court found that the several claims were assigned for a collection under an agreement whereby the plaintiff was to receive twenty-five per

cent of the amounts collected. It was also found that the plaintiff at the time the action was commenced was a director and the assistant secretary of the Temple Hospital Association, Inc. No finding as to whether the claims were assigned before or after the assignee became such officer was made; but it appears without contradiction that the same were orally assigned to him before his official connection with the corporation commenced, and that formal assignments thereof were made thereafter and before the action was filed.

It was the conclusion of the trial court that the plaintiff, by reason of the fact that he was an officer of the corporation, and that the assignments were made for collection only, was without capacity to sue the corporations mentioned or the stockholders thereof.

The court on its findings entered judgment against the plaintiff, who has appealed therefrom.

As grounds for reversal it is contended that the conclusion of the court that the plaintiff was without capacity to sue, and the finding that defendant Webster was the owner in severalty of but one share of stock in defendant Temple Hospital Association of California when the indebtedness was incurred, cannot be sustained.

There is no statutory requirement that the indebtedness represented by the notes and book account, all of which had long since matured, should be assigned in writing, and parol evidence was admissible to show that the same was transferred to the plaintiff before he became an officer of the corporation debtor (*Humboldt Milling Co.* v. *Northwestern Pacific Ry. Co.*, 166 Cal. 175 [135 Pac. 503]; *Ralph* v. *Anderson*, 187 Cal. 45 [200 Pac. 940]). Furthermore, it is not contended that the plaintiff sought in any way to take advantage of his position as an officer, or that the transaction had in it any element of fraud, and no claim is made that the corporation was not indebted as alleged or had a defense to the claims on the merits. The provisions of section 2230 of the Civil Code apply to directors and other officers of corporations, and they are forbidden to take part in any transaction concerning the trust in which they or those for whom they act have an interest adverse to the corporation; but it was not intended thereby to make a transaction between them and the corporation *ipso facto* void. Such transactions are subject to rigid scrutiny, and are

voidable for fraud or any violation of the duties of the trust; but they will not be held void if shown to be in good faith and free from fraud (*Schnittger* v. *Old Home Con. M. Co.*, 144 Cal. 603 [78 Pac. 9]; *Snediker* v. *Ayers*, 146 Cal. 407 [80 Pac. 511]; *California & Arizona Land Co.* v. *Cuddeback*, 27 Cal. App. 450 [150 Pac. 379]). ■ Nor are such officers trustees of the property of the corporation in such sense as to disable them from purchasing and enforcing corporation indebtedness, unless the circumstances of the transaction make it inequitable for them to do so (*Sullivan* v. *Trunfo G. & S. Min. Co.*, 39 Cal. 459; *Schnittger* v. *Old Home Con. M. Co., supra; Merrick* v. *Peru Coal Co.*, 61 Ill. 472; *Harts* v. *Brown*, 77 Ill. 226; *Forest Glen Brick etc. Co.* v. *Gade*, 55 Ill. App. 181; *St. Louis etc. R. R. Co.* v. *Chenault*, 36 Kan. 51 [12 Pac. 303]; *Camden Safe Dep. Co.* v. *Citizens' Ice etc. Co.*, 69 N. J. Eq. 718 [61 Atl. 529]; *Seymour* v. *Spring Forest Cemetery Assn.*, 144 N. Y. 333 [26 L. R. A. 859, 39 N. E. 365]; *Inglehart* v. *Thousand Island Hotel Co.*, 32 Hun (N. Y.), 377; *Glenwood Mfg. Co.* v. *Syme*, 109 Wis. 355 [85 N. W. 432]; *Martin* v. *Chambers*, 214 Fed. 769]).

■ In the absence of fraud or inequitable circumstances the rule that it is a violation of his trust for an officer to deal with the corporation applies only where his conduct is in the nature of an attempt to unite his personal and representative characters in the same transaction and where his official connection is an essential part of the corporate action (*California & Arizona Land Co.* v. *Cuddeback, supra*). Within the above rule he is not compelled by the fact alone that he is a director to forego any of his rights as a creditor; and in bringing an adversary action against the corporation he is not in any way taking advantage of his position as a director, the right sought to be asserted being entirely independent of his fiduciary status (*Title Ins. & T. Co.* v. *California Development Co.*, 171 Cal. 173 [152 Pac. 542]).

Respondent cites certain cases wherein the circumstances were such as to make it inequitable for an action to be maintained against the corporation defendant, either because fraud was shown, or an attempt by the officer to unite in the transaction his personal and representative capacity. In the present case, however, no such facts appear, and our attention has been called to no authority holding that one who has acquired in good faith a valid claim against a corporation, either for his sole benefit or for collection, is dis-

qualified from enforcing the same by the mere fact that subsequently he became a director or assistant secretary of the corporation debtor.

Respondents claim that the evidence was insufficient to show that the defendant Temple Hospital Association of California was authorized to own stock in another corporation, or that it had purchased stock in its co-defendant. As stated above, the complaint alleged generally, and the court found, that the former owned 1,567 shares of the latter's stock. This was an allegation and a finding of ultimate fact (*Savings & Loan Soc.* v. *Burnett,* 106 Cal. 514 [39 Pac. 922]; *Robinson* v. *City of Glendale,* 182 Cal. 211 [187 Pac. 741]; *First Nat. Bank* v. *De Moulin,* 56 Cal. App. 313 [205 Pac. 92]); which the respondents, who have not appealed, are in no position to attack, the only objections to the findings which can be reviewed being those urged by appellant (*Klauber* v. *San Diego Street Car Co.,* 98 Cal. 105 [32 Pac. 876]; *Trevaskis* v. *Peard,* 111 Cal. 599 [44 Pac. 246]; *Garibaldi* v. *Grillo,* 17 Cal. App. 540 [120 Pac. 425]). Nevertheless, the above findings were sufficiently supported. At the trial of the action the stock ledger, journal, and transfer book of defendant Temple Hospital Association, Inc., were produced, and its clerk, whose duty it was to keep the same, testified to the names of the stockholders and the stock owned by each. In addition, a list of its stockholders was furnished by defendant to the plaintiff. From the above it appeared that the number of shares as found by the court was held therein by defendant Temple Hospital Association of California. The books of the corporation, which were properly identified, were admissible to show the names of its stockholders or the subscribers for its stock and the amount of stock issued (*Evans* v. *Bailey,* 66 Cal. 112 [4 Pac. 1089]; *Kennedy* v. *California Savings Bank,* 101 Cal. 497 [40 Am. St. Rep. 69, 35 Pac. 1039]; *Brown* v. *Board,* 103 Cal. 534 [37 Pac. 503]; *Zierath* v. *Claggett,* 46 Cal. App. 15 [188 Pac. 837]; *Lebens* v. *Nelson,* 148 Minn. 240 [181 N. W. 350]).

A corporation is not presumed incapable of purchasing and holding the stock of another; and the burden of proof is upon the party who claims that such purchase and ownership were not within its powers (*Evans* v. *Bailey, supra*).

When a corporation seeks to avoid its contract on the ground of its want of power to contract, where the contract is not upon its face necessarily beyond the scope of its

authority, it will in the absence of proof be presumed to be valid, and the corporation must make good its defense of *ultra vires* by plea and proof (*Brown* v. *Board of Education*, 103 Cal. 531 [37 Pac. 503]; *Morgan* v. *Board of Education*, 136 Cal. 245 [68 Pac. 703]; *Davis* v. *Pacific Studios Corp.*, 84 Cal. App. 611 [258 Pac. 440]). ▮ In the present case *ultra vires* not having been pleaded, nor evidence supporting such defense offered by defendants, the above was sufficient *prima facie* to support the finding of the court.

▮ The liability of stockholders, which is distinct and separate from that of the corporation (*Winona Wagon Co.* v. *Bull*, 108 Cal. 1 [40 Pac. 1077]), exists by reason of the constitution and statute (*Green* v. *Bechman*, 59 Cal. 545; *National City Bank* v. *Chubb*, 52 Cal. App. 655 [199 Pac. 537]), the word "liability" as used therein being more comprehensive than the word "debt" (*Coulter Drygoods Co.* v. *Wentworth*, 171 Cal. 500 [153 Pac. 939]), and embracing also the involuntary obligations of the corporation (*Lininger* v. *Botsford*, 32 Cal. App. 386 [163 Pac. 63]). As held in the following cases, not only is a corporation which owns stock in another liable for a proportion of its debts (*Kiefhaber* v. *Newport Lumber Co.*, 15 Cal. App. 37 [113 Pac. 691]; *Kennedy* v. *California Savings Bank*, 101 Cal. 495 [40 Am. St. Rep. 69, 35 Pac. 1039]), but the stockholders of the holding company are also liable (*Lininger* v. *Botsford*, *supra*).

▮ We find no merit in appellant's contention that the finding with respect to the amount of stock in defendant Temple Hospital Association of California owned by defendant Webster individually cannot be sustained. The evidence shows that this defendant on or about July 28, 1921, acquired in severalty 200 shares therein; that by an arrangement with the officers of the corporation—who wished the stock of the same to be held in smaller lots by a larger number of persons—the certificate representing these shares was indorsed to the corporation and the shares subsequently sold by its officers to others. While the evidence shows that this defendant received the check of the corporation for the price of the shares, nevertheless it sufficiently appears that the purchase was not made nor intended to be made by it, but that the transaction was as stated above. During the period in which these sales were being made a part of the indebtedness to the Troy Laundry as shown by its account was in-

curred, but it appears therefrom that the amounts charged during that time were fully paid. The indebtedness alleged by the other causes of action was incurred after the above transaction was had.

We are satisfied that the conclusion of the trial court that the plaintiff was without capacity to sue is not sustained by the evidence, and the judgment as to respondents Temple Hospital Association, Inc., a corporation; Temple Hospital Association of California, a corporation; L. F. Herrick, Richard L. Frye, L. C. Miller, and J. H. Crabbe, Bradford Webster and Max Mayer as copartners, is accordingly reversed, and as to respondent Bradford Webster individually it is affirmed.

A petition for a rehearing of this cause was denied by the district court of appeal on January 26, 1929.