WILLIAM R. WHITE, as Superintendent of Banks of the State of New York, Plaintiff, *v.* NATHANIEL B. AARONSON and Others, Defendants.

Supreme Court, Special Term, New York County, September 28, 1938.

*John A. Mullen,* for the plaintiff.

*Reiss & Levine,* for the defendant Benjamin Uchitelle.

McLAUGHLIN (CHARLES B.), J. One of the questions presented on the present application is whether individuals may escape the statutory liability of stockholders of a State bank by the device of having the stock held by a corporation the stock of which is

owned by said individuals. The Federal courts have repeatedly held that stockholders of holding companies owning stock in National banks are liable to assessment on the theory that they are the actual and beneficial owners of the stock and may not use the corporate form to defeat the statutory intent to impose liability upon those who have their money invested in the capital of the National bank and who receive the benefits accruing from such investment. (*Barbour* v. *Thomas*, 86 F. [2d] 510, 516; certiorari denied, 300 U. S. 670; *Corker* v. *Soper*, 53 F. [2d] 190; certiorari denied, 285 U. S. 540; *Metropolitan Holding Co., Inc.*, v. *Snyder*, 79 F. [2d] 263; *Brusselback* v. *Cago Corp.*, 85 id. 20, 23; certiorari denied, 299 U. S. 584.) There is no material difference, in respect of the wording relating to the liability of stockholders, between the Federal statutes relating to National banks and the statutes of this State relating to State banks. As Mr. Justice LYDON stated in *Broderick* v. *Aaron* (151 Misc. 516, at p. 523): " The Banking Law of this State was amended and revised to conform generally our scheme of bank regulation, liquidation and assessment enforcement to the statutory system applicable to national banks conducted through the Comptroller of Currency." Under our statutes the actual owner of bank stock, whether the ownership is legal or equitable, and regardless of who is the record owner, is liable to assessment. (Banking Law, § 113-a, formerly § 120.) The public policy expressed in this legislation may not be defeated by the device of the corporate entity. Courts in other jurisdictions have made similar holdings. (*Fors* v. *Farrell*, 271 Mich. 358; 260 N. W. 886; *Todd* v. *Temple Hospital Assn., Inc.*, 96 Cal. App. 42; 273 P. 595; *Harris Investment Co.* v. *Hood*, 123 Fla. 598; 167 So. 25.) The contention that the complaint is insufficient in that the corporate entity of the holding company may not be pierced is overruled. The assertion that the complaint is insufficient for failure to allege compliance with section 73 of the Stock Corporation Law is devoid of merit, since said section does not apply to suits under sections 80 (now section 632) and 120 (now section 113-a) of the Banking Law. (*Van Tuyl* v. *Scharmann*, 208 N. Y. 53, 62, 63.) The motion to dismiss the complaint as insufficient is, therefore, denied.

The motion is likewise denied to the extent that it seeks to dismiss the complaint on the ground that the cause of action did not accrue within the time limited by law for the commencement of the action. The cause of action did not accrue until the due date of the assessment under the notice or demand served by the Superintendent. (See Banking Law, § '632; *Lyon* v. *Tooker*, 168 Misc. 915.) The due date fixed in the Superintendent's demand

was August 26, 1932, and the present action was commenced on August 12, 1938, less than six years thereafter. Since section 113-a of the Banking Law (formerly section 120) provides that an action of this character must be brought within six years after the accrual of the cause of action, it is clear that the defense of the Statute of Limitations must fail.

The motion to dismiss is denied in all respects, with ten dollars costs, with leave to answer within twenty days from the service of a copy of this order with notice of entry.