WILLIAM R. WHITE, as Superintendent of Banks of the State of New York, Plaintiff, *v.* ANNIE NEMECEK and Others, Defendants.

Supreme Court, Special Term, New York County, January 12, 1939.

*John A. Mullen,* for the plaintiff.

*Alexander Brown,* for the moving defendants.

VALENTE, J. Some time prior to the death of Vaclav Nemecek on July 15, 1924, he was the record owner of certain shares of stock of Bank of Europe Trust Company which was subsequently taken over by the Superintendent of Banks and is now being liquidated by him. Some of the shares were transferred under the terms of the will of the deceased to *non-residents* of this State who are parties defendant to the present action. Other shares, according to the complaint, were *never* transferred by the deceased to a *resident* of this State of full age, previous to any default in the payment of any debt or liability of Bank of Europe Trust Company. It follows that the estate of the deceased remained liable for any assessments which might later be made by the Superintendent of Banks upon the stock which the deceased had originally owned. (*Broderick* v. *Adamson* [*Gordon*], 270 N. Y. 228.) In that case the Court of Appeals held that a stockholder of a bank remained liable for assessments on the stock except in the specific situation specified in section 120 of the then Banking Law, viz., a transfer of his stock, without any intent to evade his liability as a stockholder during the solvency of the bank, to a resident of this State of full age, previous to any default in the payment of any debt or liability of the bank.

The present action has been commenced against the widow of the deceased and against all the legatees and devisees under his will. Such an action may be maintained. (*Duck* v. *McGrath,* 160 App. Div. 482, 487, 488; affd. on opinion below, 212 N. Y. 600. See, also, *Hamlin* v. *Smith,* 72 App. Div. 600, 612, 613.) The fact that the complaint fails to comply with the provisions of sections 174, 181 and 182 of the Decedent Estate Law is immaterial and does not affect the sufficiency of the complaint. Section 174 relates only to an action brought against a single legatee or against all the legatees. It does not apply to an action to which the widow of the deceased is also a party. (Dec. Est. Law, §§ 170, 171, 172; *Duck* v. *McGrath, supra.*) Similarly, section 181 of the Decedent Estate Law relates only to an action brought against the heirs alone, while section 182 of the same statute refers only to an action brought against the devisees alone. The action here is brought against *all* those who have received or are entitled to receive any property of the deceased and a proper apportionment may accordingly be made in the action and the rights of each of the defendants as against the others adequately protected in making such apportionment. As to the statement made in the reply brief of the defendants to

the effect that the widow, although named as a party in the title of the action, was not served with process within the time permitted for the commencement of the action by the Statute of Limitations, it need only be observed that it does not appear from the face of the complaint or from the affidavits submitted on the present motion that the widow was not served within the statutory time. Attention should also in this connection be called to the provisions of section 16 of the Civil Practice Act to the effect that an action is deemed commenced against a defendant within the meaning of the Statute of Limitations " when the summons is served on him or on a co-defendant who is a joint contractor or otherwise united in interest with him."

The claim that the action is barred by the ten-year Statute of Limitations and that the ten years started to run eighteen months after the issuance of letters testamentary is without merit. At the time letters testamentary were issued the bank had not yet been taken over by the Superintendent of Banks and the potential liability of the deceased and his estate for an assessment on the stock had not yet accrued. The situation is similar to that which would be presented if at the time of his death the deceased was liable on a bond which was not to mature until five years after his death. In such a case the statute would not run until after the maturity date of the bond. (*Richards* v. *Gill,* 138 App. Div. 75.) In the cited case the Appellate Division held (p. 78) that the statute does not start running against the estate of the deceased stockholder until the testator's liability had been adjudicated and determined.

The contention that the action is barred by the six-year Statute of Limitations must also be overruled. That contention proceeds on the theory that the Superintendent of Banks had the right to make a demand on the stockholders when the period to present claims against the bank had expired, and that, therefore, under the provisions of section 15 of the Civil Practice Act the action had to be commenced within six years from the expiration of said period. The difficulty with this argument is that there is no provision, statutory or otherwise, fixing the time within which the Superintendent of Banks must determine whether or not the deficiency exists for which an assessment may be made. Even after the period for the filing of claims has expired, the Superintendent may require considerable time in order to determine to what extent filed claims are valid, or may, in his judgment, later be held valid, and also in order to determine to his satisfaction the estimated value of the assets of the bank. To hold that the Statute of Limitations began to run when the period for the filing of claims expired would be tantamount to compelling the Superintendent of Banks to make his

determination as to the value of all the assets and liabilities not later than the last day of the filing of claims. This would lead to an absurd result. The statute commences to run from the time fixed in the Superintendent's demand for the payment of the assessment. (*Broderick* v. *Aaron* [*Kessler*], 151 Misc. 516, 521, 522; affd., 243 App. Div. 594; affd., 268 N. Y. 411; *White* v. *Aaronson*, 169 Misc. 593.)

As to the claim that the service made on Charles Nemecek was not timely because the summons had been delivered to the sheriff of a county of which he was not a resident, a triable issue is presented. Although said defendant states that at the time the summons and complaint were delivered to the sheriff of Queens county he was a resident of New York county, and that he did not remove to Queens county until Thanksgiving Day, 1938, the reply affidavit points out that the affidavit of service states that the summons and complaint were served on said defendant on October 22, 1938, at his residence at 2204 Thirty-third street, Astoria, Queens county.

It follows from the foregoing that the present motion for judgment on the pleadings dismissing the complaint under rule 112 of the Rules of Civil Practice, and for summary judgment pursuant to rule 113 of the Rules of Civil Practice, must be denied. Motion denied.