NICHOLAS CHAMBERS, Appellant, v. THE CITY OF ST. JOSEPH, Respondent.

Kansas City Court of Appeals, February 4, 1889.

1. **Municipal Corporation :** CHARTER RESTRICTION ON LIABILITY FOR STREET IMPROVEMENT : EFFECT OF GRADING ORDINANCE : LIABILITY FOR BREACH OF CONTRACT : SUFFICIENCY OF PETITION. The charter of the city of St. Joseph contains this provision in reference to street improvement : "The city shall not be liable in any manner whatever on account of any work done." An ordinance of the city provided for Doniphan avenue being graded and prepared for "macadamizing, curbing and guttering." The city then made a contract with plaintiff providing that it is entered into subject to the charter and existing ordinances, which are in terms made a part thereof, containing among other things this stipulation, that plaintiff will not have any lien or claim against the city in any event, and said city shall not be liable to any one for any damages or sums whatever under this contract for the macadamizing, curbing, guttering and laying cross-walks on said avenue. A petition declaring on said contract and alleging that plaintiff had done so much of the work ·as the grading would permit, and was and had been at all times ready and willing to do and perform all said work according to contract, and assigning as a breach thereof that the defendant city refused to complete said grading and to allow plaintiff to fulfill his part of the contract, and further alleging that plaintiff cannot collect anything for his work done until his work is completed, states a cause of action and is not demurrable, and the action is not for things done under the contract, but for damages resulting from not permitting things to be done under it.

Chambers v. The City of St. Joseph.

2. ———: CONSTRUCTION OF CHARTER RESTRICTION AND CONTRACT. The restriction in the charter does not apply to a case like this, but has reference to a claim against the city for the doing of the work, which is to be paid for by special tax laid on property-owners benefited ; and the first portion of the stipulation in the contract, that plaintiff " will not have any claim or lien against the city in any event," simply means to provide against the city being liable, under any circumstances, for work done, and gives special emphasis to the other portions of the contract providing for payment by special tax-bill ; while the second portion of the provision in the contract, " that the city shall not in any event be held liable to any one for any damages or sums whatever under the contract," was not intended to release the city from a liability for a non-performance . of the contract, but to protect it for things done " under the contract."

3. ———: LEGISLATIVE POWER : CONTRACT. The power to grade streets is a legislative power, and the defendant is not liable for the non-exercise of legislative power. The petition shows the exercise of such power by ordinance and its confirmation by contract, and it is a breach of contract not to carry it out.

*Appeal from the Buchanan Circuit Court.*—HON. O. M. SPENCER, Judge.

REVERSED AND REMANDED.

*Vories & Vories,* for appellant.

A municipal corporation cannot impose a condition upon its performance of a plain duty prescribed by law, and should it neglect a duty it owes a contractor, in the performance of a contract, it is liable in damages to the contractor. *People v. Supervisors,* 68 N. Y. 114 ; *Bland v. Brooklyn,* 31 Barb. 142 ; *Richardson v. Brooklyn,* 31 Barb. 152 ; *Lacour v. New York,* 3 Duer, 406. Upon authorized contracts, validly executed, municipal corporations are liable in the same manner, and to the same extent as an individual. 2 Dill. on Mun. Corp. [ 3 Ed. ] sec. 935. When the contract has been entered into according to law, and the corporation neglects to perform a duty it owes the contractor, it is liable in damages. *Saxton v. St. Joseph,* 60 Mo. 153. Measure

of damages. *Clark v. Mayor*, 4 Comstock [N. Y.] 338 ; *Park v. Kitchen*, 1 Mo. App. 357. The city shall not in any event be liable for or on account of the work done, could not apply to the present case, as in this case plaintiff complains of defendant not permitting the performance of the contract. A corporation. cannot contract against liability for the result of its own negligence. *Carroll v. Railroad*, 88 Mo. 239. The constitution guarantees a remedy for the taking of private property. *Thurston v. St. Joseph*, 51 Mo. 510.

*Ryan & Macdonald*, for respondent.

(1) Appellant, by the terms of his contract, has waived all claims against the city in any event for any damages whatever under said contract. (2) Appellant seeks in this case to recover from respondent the value of all the work to be completed under his contract, thus attempting to hold respondent indirectly liable where it could not be held directly liable under its contract. That he cannot do this, is shown by the following authorities : *Carroll v. City*, 4 Mo. App. 191 ; *Keating v. City*, 84 Mo. 415 ; *City v. Rankin*, 2 Kan. 357.

ELLISON, J.—This action is for damages resulting from an alleged breach of contract by defendant and is based on a petition of which the following is the material portion thereof : "That on the —— day of July, 1883, the common council of the city of St. Joseph, Missouri, passed an ordinance providing for the macadamizing, curbing, guttering, and laying of the necessary cross-walks on Doniphan avenue from Tenth to Twelfth streets, in said city, and also for the grading and preparing of said avenue for said macadamizing, curbing, guttering and laying of the necessary cross-walks." Said ordinance having been approved by the mayor of said city of St.

Joseph on the thirteenth day of July, 1883. That on the sixteenth day of August, 1883, plaintiff was legally awarded by the defendant the contract "to do the curbing, guttering, macadamizing and laying of the necessary cross-walks on Doniphan avenue from Tenth to Twelfth streets, in said city, in accordance with the specifications governing such work as laid down in chapter 37 of the general ordinances of the city of St. Joseph, and entered into a contract with the defendant for doing the same, on the twenty-fifth day of August, 1883, by which plaintiff was to receive the following prices for doing said work : For curbing, forty-seven cents per lineal feet; for guttering, $10.35 per square of 100 square feet ; for macadamizing, $6.35 per square of 100 square feet ; for cross-walks, $1.75 per lineal foot. A true copy of said contract is filed herewith and made a part of this petition, said original contract being now on file in the engineer's office in the city of St. Joseph.

"That the defendant, as such corporation, had the power at all times complained of herein to establish the grade, and cause to be graded, the streets and highways of said city, and had exclusive control of the same, and it was its duty to cause Doniphan avenue, between Tenth and Twelfth streets in said city, to be graded and prepared for the macadamizing, curbing, guttering, cross-walks, etc., as mentioned in the annexed contract.

"That on the fourth day of June, 1885, the defendant legally executed and approved an ordinance to grade Doniphan avenue from the west line of Tenth street to the west line of Thirteenth street, said ordinance being designated 'Special Ordinance No. 26,' a true copy of which is attached to and made a part of this petition.

"That the defendant did cause the grading on said Doniphan avenue, between Tenth and Twelfth streets, to be commenced, but said grading, as commenced by the defendant, was only completed for the curbing and guttering on said avenue, between Eleventh and Twelfth streets of said city, as was necessary for the curbing and

guttering next to said curbing. That the defendant has caused no other grading to be done on said avenue other than that mentioned above.

"That plaintiff has placed in position, according to said contract, the curbing, and guttering next to said curbing, at the place where the grading had been completed for same, viz., between Eleventh and Twelfth streets on said avenue, and has at all times been ready and willing to complete the rest of his part of said contract. But the defendant, wholly disregarding its duties to the plaintiff, has ever since refused and still refuses to complete said grading, and thereby has at all times refused and still refuses to allow plaintiff to fulfill his part of said contract.

"Plaintiff has placed in position, according to contract, five hundred and seventy-two lineal feet of curbing, and seven squares of one hundred square feet of guttering, which work at the contract price would and does amount to three hundred and forty-one dollars and twenty-four cents, and the actual cost of same to plaintiff would and does amount to two hundred and seventy-five dollars. That plaintiff has not received payment of same or any part thereof from any source, nor can he collect any part of same until the completion of his said contract."

A demurrer to this petition, on the ground that it did not state facts sufficient to constitute a cause of action, was sustained, and plaintiff appeals.

The charter of the defendant city provides that "the city shall not be liable in any manner whatever on account of any work done." And the contract between the parties stipulates that plaintiff "will not have any lien or claim against the city in any event, and said city shall not in any event be held liable to any one for any damages or sums whatever, under this contract." The contract further provides that it is entered into subject to the charter and existing ordinances of the city and

such charter and ordinances are in terms made a part of the contract. One of the existing ordinances is the one referred to as having been adopted July 13, 1883, in the petition. This ordinance provides for said Doniphan avenue being graded and prepared for "macadamizing, curbing and guttering." It will be seen that the damage is alleged to have resulted from the defendant's refusal to grade and prepare the avenue, so that plaintiff could put down the macadam, etc. It is clear that one portion of the defendant's agreement is, that it would grade and prepare the avenue for macadamizing, as the contract refers to existing ordinances and makes them a part thereof; and one of these ordinances provides that this shall be done by the city. It could not well be disputed that the contract was made with reference to such preparation being made for the macadam, guttering and curbing. But it is insisted that the provision of the charter, and the stipulation of the contract, above set out, relieve the city of any responsibility for a breach on its part, no matter how flagrant it may be, or what amount of injury it may work to the other contracting party. I do not agree to this position. The provision of the charter does not apply to a case of this sort. The damage alleged here is not "on account of any work done." That provision of the charter evidently has reference to claims against the city for the doing of work or making improvements which is to be paid for by special tax on property-owners benefited. Neither does the provision of the contract apply to a case like this. The first portion of that stipulation, wherein the plaintiff agrees "that he will not have any claim or lien against the city in any event," simply means to provide against the city being liable, under any circumstances, for the work done, and gives emphasis to the other portion of the contract providing in effect for payment being made in special tax-bills against property-holders. It sometimes happens that the contractor cannot reënforce

his tax-bills on account of some *vice* in the proceeding which makes them illegal ; or from some other cause, he is left without recompense for his labor and material, and this provision is merely to protect the city against his claim. The second portion of the provision in the contract, "that said city shall not in any event be held liable to any one for any damages or sums whatever under the contract," was not intended to release the city from liability for a non-performance of the contract ; for non-performance does not arise " under " a contract, but rather in spite of it. The provision protects the city for things done "under the contract," that is, in performance of it. Here, if the petition be true, the city wilfully broke the contract and refused to perform it. The action is not for things done under the contract, but it is for damages resulting from not permitting things to be done under it. Having shown that the charter provisions and the provisions in the contract are not applicable to the case stated, the following authorities are applicable, in a greater or less degree, to the liability of the city. *Beard v. City of Brooklyn*, 31 Barb. 142 ; *Lees v. City of Richmond*, 102 Ind. 372, 383 ; *City of Leavenworth v. Mills*, 6 Kansas, 288 ; *Railroad v. Howard*, 13 How. 307 ; *City of Lansing v. Van Gorder*, 24 Mich. 456 ; *Kearney v. Covington*, 4 Met. ( Ky. ) 339.

It is suggested that the power to grade the street of defendant is a legislative power, and that defendant is not liable for a non-exercise thereof. But according to the petition before us, the city had exercised such legislative power by ordinance and confirmed it by contract, which it refused to carry out.

Our opinion is the petition states a cause of action, and the judgment will be reversed and cause remanded. All concur.