[S. F. No. 2265.   Department One.—April 10, 1902.]

WALTER MORGAN, doing business under name and style of W. MORGAN & CO., Respondent, v. BOARD OF EDUCATION OF THE CITY AND COUNTY OF SAN FRANCISCO, Appellant.

CONTRACT WITH BOARD OF EDUCATION—LIABILITY FOR BREACH.—The board of education of the city and county of San Francisco has power, as a quasi-municipal corporation, to enter into a contract for the construction and furnishing of a high-school building, and it is equally as liable in damages for the breach of its contract as would be the contractor for a breach on his part.

ID.—USE OF PUBLIC FUNDS FOR DAMAGES.—The board of education cannot escape liability for a breach of the contract on its part, upon the pretext that the public funds cannot be used to pay damages for such breach.

ID.—RESOLUTION TO ANNUL CONTRACT—CONTRACT WITH THIRD PERSON —ULTRA VIRES.—Where the board of education, after letting a contract to the plaintiff, attempted to cancel and annul it, and then made a contract with a third party to do the same work, the question whether the second contract was *ultra vires* is not involved, and does not concern the plaintiff, who is seeking damages for a breach of the valid contract with him.

ID.—DEFENSE OF ULTRA VIRES—BURDEN OF PROOF.—If the board of education seeks to avoid its contract with the plaintiff upon the ground of *ultra vires,* the burden is upon it to allege and prove such defense.

ID.—EXISTENCE OF FUND TO CREDIT OF SCHOOL DISTRICT.—The question whether there is or is not any fund to the credit of the high-school district, out of which the judgment can be paid, or whether or not there is any provision of law for paying it, is not now before the court in determining the liability of the defendant for the breach of its contract with the plaintiff.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   John Hunt, Judge.

The facts are stated in the opinion.

Franklin K. Lane, City Attorney, and William I. Brobeck, Assistant, for Appellant.

Martin Stevens, for Respondent.

COOPER, C.—This appeal is from the judgment, and the only question is as to whether or not the findings support it. The court found that all the allegations of the complaint are true. It appears therefrom that in December, 1896, the plaintiff and defendant entered into a written contract, under the terms of which the plaintiff agreed to furnish certain designated warming and ventilating apparatus, and a system of water-closets for a certain high-school building, to be built for defendant, and that it agreed to pay plaintiff the sum of $9,496 therefor; that afterwards, without fault on plaintiff's part, the defendant refused to allow plaintiff to carry into effect and perform the said contract on his part, although he has at all times been ready and willing to perform the same as he agreed to do; that by reason of the premises the plaintiff has been damaged in the sum of $1,988. Judgment was duly entered for said sum. A public corporation or a quasi-municipal corporation has the power to enter into contracts for the purposes and under the authority conferred upon it by the statute. It is not claimed that defendant did not have the power to enter into the contract with the plaintiff. Having the power to enter into the contract, it became a valid and binding contract when entered into, in the form and in the manner prescribed by the statute. It was binding upon the plaintiff, and he was in law compelled to perform it, although its performance should result in loss to him. If he had failed to perform it of his own volition he would have been liable to defendant for all damages caused by his breach thereof. It was also binding upon defendant, and it is liable for damages caused by the breach thereof. It refused to allow plaintiff to perform. Having the power under the statute to make the contract, it became liable for its breach. It would be strange, indeed, if an artificial person could make a valid contract, binding upon the contractor and upon which the contractor would be liable in damages for a breach, and yet escape liability on its part, by claiming that the public funds could not be used to pay damages. The defendant will not be allowed to escape responsibility upon any such pretext. It is well settled that in such case the corporation is liable in damages for the breach of the contract. (2 Beach on Public Corporations, sec. 1657; *Chambers*

v. *City of St. Joseph,* 33 Mo. App. 541; *Clark* v. *Mayor etc. of New York,* 4 N. Y. 343.[1])

The defendant, after letting the contract to plaintiff, adopted a resolution, whereby it attempted to cancel and annul the contract so made, and after passing such resolution it entered into a contract with a third party to do the same work described in plaintiff's contract. It is argued by defendant that, as the contract entered into with plaintiff was valid, the letting of the contract again to a third party was *ultra vires.* Much space is taken up in appellant's brief in attempting to show that this second contract was beyond the power of defendant to make, and that for this reason the plaintiff cannot recover damages. It will be sufficient to determine the question of *ultra vires* as to the second contract when it is in some way involved or some right is attempted to be enforced under it. Plaintiff is seeking damages here for a breach of the valid contract, and the so-called *ultra vires* contract in no way concerns him. While the finding as to the second contract is wholly immaterial, yet it in no way affects the question of plaintiff's right to recover for the breach of his contract. The claim is made that there is no finding that the contract was authorized by a vote of the school district. If the defendant seeks to avoid its contract upon the ground of *ultra vires,* the burden is upon it to allege and prove such defense. (*Brown* v. *Board of Education,* 103 Cal. 534.) Finally, it is claimed that it is not found that there is any fund to the credit of the school district out of which the judgment can be paid. If that is true, it may yet afford defendant a means of escape from its liability. But the question is not now before us as to the fund out of which the judgment shall be paid, nor whether or not there is any provision of law for paying it. "Sufficient unto the day is the evil thereof," and the question as to whether or not the judgment can be hereafter collected is not material.

The judgment should be affirmed.

Haynes, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed. Garoutte, J., Van Dyke, J., Harrison, J.

[1] 53 Am. Dec. 379.