[Civ. No. 2741.   First Appellate District, Division Two.—April 1, 1919.]

JAMES EVA ESTATE (a Corporation), Respondent, v. THE MECCA CO. (a Corporation), Defendant; OAKLAND BREWING AND MALTING CO. (a Corporation), Appellant.

[1] GUARANTY—SURETY OF LESSEE—CONSTRUCTION OF CODE SECTIONS.—Sections 594–596, inclusive, of the Political Code are intended to apply exclusively to the conduct of the business of insurance as such, and their provisions cannot be stretched to cover the case of a single contract of guaranty, such as where one person acts as surety upon a bond guaranteeing the faithful performance on the part of a lessee of the covenants of a written lease.

[2] CORPORATION LAW—POWERS OF CORPORATION—ULTRA VIRES ACTS—NOTICE.—Where an act is within the corporate powers for some purposes or under some conditions, the rights of parties who have dealt with the corporation, under the express or implied representation that it is acting with such powers in the making of a particular contract, are entitled to favorable consideration; and in such a case the defense of *ultra vires* is not available unless it is shown that the party dealing with the corporation had notice of the intention to perform the act for an unauthorized purpose, or under circumstances not justifying performance.

[3] Id.—Liability to Third Parties—Defense—Direct Attack.—The attempt of a corporation to use the defense of *ultra vires* as a means of escaping its liability to third parties is regarded with much less favor than when a direct attack upon such corporate act is made by a stockholder or by the state.

[4] Id.—Burden of Proof.—Where the corporate act is within the powers of the corporation for some purposes and is claimed to be without its powers under given circumstances, the burden of proving the latter state of affairs rests upon the corporation denying its liability.

[5] Id.—Power to Extend Financial Aid.—A corporation organized for the purpose of operating and maintaining the general business of brewing and malting may, in furtherance of its own interests, extend financial aid to its customers.

[6] Id.—General Power — Want of Benefit — Burden of Proof.— Where it is within the general powers of a corporation to execute a guaranty bond under some circumstances, but such act is *ultra vires* if such corporation receives no direct benefit therefrom, in an action to recover upon such bond, the burden is on the corporation of proving that it received no such benefit.

[7] Landlord and Tenant—Rebate in Rent—Effect on Lease.—A rebate, for certain months, made by the lessor to the lessee and to a committee of its creditors, is not sufficient to establish a change in the written lease so as to affect the amount of future installments of rent.

[8] Id.—Corporation Party to Rebate—Estoppel.—Where the corporation surety for the lessee, through its vice-president, asked for and consented to such change in the amount of the rent, it cannot be heard to object thereto.

APPEAL from a judgment of the Superior Court of Alameda County.   W. M. Conley, Judge Presiding.   Affirmed.

The facts are stated in the opinion of the court.

Snook & Church for Appellant.

W. B. Rinehart for Respondent.

HAVEN, J.—Action by a lessor for the collection of delinquent rent, against its lessee and two sureties upon a bond guaranteeing the faithful performance on the part of said lessee of the covenants of a written lease.  The lessee suffered default and the action was tried as against the sureties

alone. Judgment was rendered against both sureties, from which one of them appeals. The appellant urges three grounds for reversal, which will be considered in the order in which they are made.

[1] It is claimed that the bond executed by appellant is void because "it was entered into contrary to express statutory law, to wit, sections 594–596, inclusive, of the Political Code of the State of California." The sections referred to are found in article XVI of the Political Code, which article by its title and provisions refers to the office of insurance commissioner, the performance of his duties and the transaction of the business of insurance under his supervision. The particular sections relied upon are section 594, subdivision 5, which provides that fidelity and surety insurance includes " . . . guaranteeing and executing all bonds, undertakings, and contracts of suretyship, and guaranteeing the performance of contracts other than insurance policies," and the closing paragraph of subdivision 6 of section 596, which reads as follows: "All policies and other contracts of insurance, issued without full compliance by all parties concerned with the laws of this state, shall be null and void." Appellant urges that the bond here sued upon comes within the term "other contracts of insurance" found in section 596 as defined in section 594. If such contention is correct, it follows that it is illegal for any corporation to execute in this state any bond guaranteeing the performance of any contract, or even to guarantee the payment of a promissory note, without having first complied with the provisions of the Political Code above referred to, and placed itself under the jurisdiction of the insurance commissioner. In our opinion the code sections relied upon are intended to apply exclusively to the conduct of the business of insurance as such, and their provisions cannot be stretched to cover the case of a single contract of guaranty such as the one involved in this action. We hold, therefore, that said sections have no application to the facts of this case.

[2] It is next contended that the contract sued upon is a mere naked guaranty and is, therefore, *ultra vires* of the purposes and powers of the appellant corporation, and for that reason void. The term *"ultra vires"* when applied to the act of a corporation is used in different senses. It may indicate that the act referred to is entirely beyond the scope

of the powers of the corporation to perform under any circumstances or for any purpose, or, again, the term may be applied to an act of a corporation which may be fully within the scope of the general powers of the corporation for some purposes, but beyond such powers for other purposes. The rights of persons dealing with the corporation vary according as the act is *ultra vires* in one or the other of these senses. When the act is within the corporate powers for some purposes or under some conditions, the rights of parties who have dealt with the corporation, under the express or implied representation that it is acting within such powers in the making of a particular contract are entitled to favorable consideration. In such a case the defense of *ultra vires* is not available unless it be shown that the party dealing with the corporation had notice of the intention to perform the act for an unauthorized purpose, or under circumstances not justifying its performance. (*Miners' Ditch Co.* v. *Zellerbach,* 37 Cal. 543, at pages 578–588, [99 Am. Dec. 300] ; 10 Cyc. 1148, 1149.)

[3] The attempt of a corporation to use the defense of *ultra vires* as a means of escaping its liability to third parties is regarded with much less favor than when a direct attack upon such corporate act is made by a stockholder or by the state. (*McQuaide* v. *Enterprise Brewing Co.,* 14 Cal. App. 315, [111 Pac. 927].)

[4] It is the further established rule in this state that, in cases where the corporate act is within the powers of the corporation for some purposes and is claimed to be without its powers under given circumstances, the burden of proving the latter state of affairs rests upon the corporation denying its liability. (*Miners' Ditch Co.* v. *Zellerbach,* 37 Cal., at page 585, [99 Am. Dec. 300] ; *Morgan* v. *Board of Education,* 136 Cal. 245, 247, [68 Pac. 703] ; *Brown* v. *Board of Education,* 103 Cal. 531, 534, [37 Pac. 503].)

[5] With the above principles in mind, we take up the record before us. The plaintiff introduced in evidence its lease, to which the bond sued upon is attached. Accompanying this bond is a certified copy of a resolution duly adopted by the directors of the appellant corporation, wherein it is recited that it is for the best interests of that corporation that the lessee "shall secure the rights and privileges of the said lease under the terms thereof." In its attempt to prove that

the execution of this bond was beyond its corporate powers, appellant introduced in evidence its articles of incorporation. These provide that the purpose of the corporation is to operate and maintain the general business of brewing and malting. Under such general .powers a corporation may, in furtherance of its own interests, extend financial aid to its customers. (*Armour & Co.* v. *Rosenberg & Sons Co.,* 36 Cal. App. 773, [173 Pac. 404].)

[6] It is conceded by appellant that if a corporation derives a direct and substantial benefit from the making of a contract of the character of the one here involved, "then the contract will be considered to be *intra vires,* or possibly if *ultra vires,* that the corporation will be estopped to set up that defense." In other words, it is admitted that the execution of a guaranty of this character might, under some circumstances, be within the corporate powers of appellant. The case falls, therefore, directly within the principles of law above referred to. The execution of the bond was not beyond the powers of the corporation under all circumstances or for all purposes. In order to sustain the defense that its execution under the circumstances of this case was beyond such powers, it was incumbent upon appellant to show that it received no direct benefit therefrom. An examination of the record discloses no evidence of that character. On the contrary, it appears that the appellant was a creditor of the lessee at the time the delinquent rent sued for accrued, upon a merchandise and cash loan account. There is no direct evidence, however, that this relation existed at the time the bond was executed, nor that the purchase of merchandise from appellant was a condition for the execution of such bond. It is unnecessary to determine whether or not this is sufficient proof of the receipt of a direct benefit by the appellant corporation. The appellant did not prove that no such benefit was received by it. The burden of proof as to that matter being upon appellant, it cannot be held that the contract was *ultra vires* of the powers of the corporation.

[7] The final contention of appellant is that the guarantor was discharged from liability for the reason that the principal obligation of the lessee was changed and altered in a material respect without the consent of the guarantor. The change in the principal obligation relied upon is the fact that the lessor made a rebate, for certain months, from the amount

of rent specified in the lease, to the lessee and to a committee of its creditors. To this contention there are three answers: (1) No such defense was pleaded by the defendant. (2) Concessions of this kind are not sufficient to establish a change in the written contract so as to affect the amount of future installments of rent. (*Sinnige* v. *Oswald,* 170 Cal. 55, 57, [148 Pac. 203].) (3) Part of these concessions of rent were made to the committee of creditors, of whom Mr. Wieking, the vice-president of the appellant corporation, was one. He was called as a witness and asked by the court whether or not the arrangement of a rebate of $150 on the $450 monthly rent was satisfactory to him. He stated that it was, and the only objection he had to the rebate was that it was not as large as he had sought to obtain. [8] The appellant corporation, through its vice-president, having asked for and consented to this change in the amount of rent, cannot be heard to object thereto.

In our opinion none of the contentions of appellant is well founded. The judgment is therefore affirmed.

Langdon, P. J., and Brittain, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 29, 1919, and the following opinion then rendered thereon:

THE COURT.—In view of the circumstances disclosed by the evidence in this case, including the recital in the resolution adopted by the directors of the appellant corporation to the effect that it is for the best interests of the corporation that the lessee shall secure the rights and privileges of the lease, we are satisfied that there was a sufficient showing of benefit to appellant corporation to make its undertaking valid. We express no opinion on the question of burden of proof discussed in the opinion.

The application for a hearing in this matter after decision by the district court of appeal of the first appellate district, Division Two, is denied.

All the Justices concurred, except Wilbur, J., who was absent.