[Civ. No. 3405.  Second Appellate District, Division Two.—December 31, 1921.]

## I.  ISAAC IRWIN, Respondent, v. PHILIP COLBURN, Defendant; STANDARD CANNING COMPANY OF SAN DIEGO (a Corporation), Appellant.

[1] PROMISSORY NOTES—CORPORATION INDORSER—SUFFICIENCY OF CONSIDERATION.—The written promise of a lessee to raise a crop of tomatoes on leased land and to sell the crop to a corporation indorser of promissory notes given by the lessee in payment of the rental constitutes a sufficient consideration for such indorsement.

[2] CORPORATIONS — OBLIGATION OF CUSTOMERS — GUARANTY.—A corporation has authority in making financial transactions, which inure to its own benefit, in its regular course of business, to aid customers by guaranteeing payment of their obligation.

[3] ID.—AUTHORITY OF OFFICERS — EVIDENCE.—Authority of corporation officers to bind the corporation may be proved by evidence that such officers have been allowed to conduct its business and that third persons have acted upon the authority which the corporation has thus permitted them to assume.

----

3.  Authority of officer to represent corporation as inferred from manner in which he has been permitted to act, note, Ann. Cas. 1913D, 646.

[4] ID.—OSTENSIBLE AUTHORITY—LIABILITY OF CORPORATION.—A corporation is bound by the ostensible authority which it permits its officers to possess and use.

[5] ID.—EXECUTION OF GUARANTIES—RECEIPT OF BENEFITS—ESTOPPEL. A corporation will not be permitted to say that its officers lacked authority to execute guaranties, where it has received the benefits therefrom.

APPEAL from a judgment of the Superior Court of San Diego County. C. N. Andrews, Judge. Affirmed.

The facts are stated in the opinion of the court.

W. H. Wylie for Appellant.

Wm. G. Mirow for Respondent.

CRAIG, J.—This action is one upon five promissory notes made and executed by the defendant, Philip Colburn, to the plaintiff and alleged to be duly indorsed by the appellant, the Standard Canning Company of San Diego. Upon a trial judgment was rendered for the plaintiff.

Appellant does not dispute that the indorsement was placed upon each of the notes in question over the seal of the corporation, together with its guaranty of payment and a waiver of presentation to maker, demand of payment, protest, and notice of nonpayment. It is undisputed that these indorsements, guaranties, and waivers were signed by the defendant through Hendee, who was then president, and Williams, then secretary, of the defendant corporation. These notes were executed and delivered with the indorsements and waivers thereon to Irwin in connection with the following transaction: Colburn was to rent certain farm land belonging to Irwin for the purpose of raising tomatoes. He was to sell the tomatoes to the defendant company. He gave the promissory notes to pay for the rent of the premises. Colburn was unknown to Irwin, who had had former transactions of a similar character concerning the same land with the Standard Canning Company and another tenant. After certain negotiations, carried on principally by Williams, purporting to represent the Standard Canning Company, with Irwin, and to which Colburn was a party, it was agreed that the lease and notes should be executed by the

respective parties. This was done. On the same day, and as a part of the same transaction between Colburn and the Canning Company, these parties signed and executed a written agreement referring to the lease and the notes and in which it was stipulated that Colburn should plant and raise the tomatoes and sell them to the Canning Company and the Canning Company agreed to indorse and guarantee the payment of the notes. Thereafter Colburn entered upon the premises and raised a crop of tomatoes which he sold and delivered to the Canning Company. Neither the principal nor the interest upon the notes were paid.

It was part of the duty of Williams as secretary of the Canning Company to arrange contracts on its behalf for the purchase of fruits and vegetables to be used by it in canning. The company made a practice as part of its business of contracting with farmers to raise tomatoes to be purchased by it and canned and later sold in the market. This was its regular business. A letter was introduced in evidence written by E. A. Edmonds, manager of the Canning Company, asking an extension of thirty days in which to pay the notes. This letter was sent to the plaintiff after he had made several efforts to collect.

The sole defense interposed and upon which appellant relies is that the corporation received no consideration and that the indorsements were purely for accommodation; that the officers who executed the indorsements, waivers, and guaranties had no power to make or indorse negotiable promissory notes for the company and to bind it as an accommodation maker or indorser and in attempting to do so acted *ultra vires.*

Under the circumstances of this case as above delineated appellant can hardly have the hardihood to expect or suggest that its defense should appeal to a court of justice. The decision of the trial court should not be disturbed unless it was clearly erroneous.

[1] The claim that the defendant received no consideration is absurd. Its contract with Colburn was executed simultaneously with the notes. They were all a part of the same transaction and the consideration for the company guaranteeing payment of the notes was the promise of Colburn to raise a crop of tomatoes upon the premises leased from Irwin and to sell it to the defendant. Besides this,

Irwin would not have leased the premises to Colburn except for the fact that the company guaranteed payment of the notes given for the rental. There is no merit to the assertion that the notes were accommodation paper. This being true, a considerable part of appellant's argument and authorities are inapplicable.

[2] The fact that the company received legal consideration also materially affects the defense that the act of the officers in indorsing the notes was *ultra vires*. A corporation has authority in making financial transactions, which inure to its own benefit, in its regular course of business, to aid customers by guaranteeing payment of their obligation. (Civ. Code, sec. 354, subd. 8; *Armour & Co.* v. *Rosenberg,* 36 Cal. App. 773 [173 Pac. 404]; *Bates* v. *Coronado Beach Co.,* 109 Cal. 163 [41 Pac. 855]; *Woods Lumber Co.* v. *Moore,* 183 Cal. 497 [11 A. L. R. 549, 191 Pac. 905]; *James Eva Estate* v. *Mecca Co.,* 40 Cal. App. 515 [181 Pac. 415].)

[3] The defendant offered in evidence its by-laws and minutes, from which it appeared that there was no express authority given the president and secretary to indorse negotiable paper. However, it nowhere appears that such action by these officers was prohibited. Authority to bind the corporation may be proved by evidence that such officers have been allowed to conduct its business and that third persons have acted upon the authority which the corporation has thus permitted them to assume.

[4] There were but three directors, Hendee, who was president, Williams, who was secretary, and Edmonds, the manager, during the period when this transaction was being carried out. It was the regular duty of Williams to arrange contracts with growers to raise tomatoes and sell them to the Standard Canning Company. Edmonds knew all about these guaranties having been placed upon the notes and asked Irwin for further time to pay them. The ordinary course of business dealing warranted Irwin in believing that Hendee and Williams had authority to execute the guaranties. The corporation is bound by the ostensible authority which it permitted its officers to possess and use. (10 Cyc. 937.)

[5] A further ground for affirming the judgment is the fact that having received the benefits from the lease and contract with Colburn, made possible only by the execution of the guaranties, the defendant will not be permitted to say

that its officers lacked authority. This is clearly a case
for the invoking of the rule of estoppel. In *Blood* v. *La
Serena L. & W. Co.,* 113 Cal. 221 [41 Pac. 1017, 45 Pac.
252], cited by appellant, no question of ostensible authority
was involved. The mortgage in question was executed with-
out authority and the supreme court held the evidence insuf-
ficient to *justify* a finding of ratification and the findings of
the trial court were limited to ratification. It appears to
have found no facts from which an estoppel *in pais* could be
held to exist. In the case here on appeal the defendant
is bound upon its guaranties without regard to ratification of
the acts of its officers in executing them. It is bound be-
cause it allowed them an ostensible authority and also as
the result of an estoppel *in pais,* the facts constituting which
were found in this case.

Without reviewing each of appellant's other authorities, it
may be said that in none of those cited to support its *ultra
vires* defense did the corporation knowingly receive the
benefit of the attempted contract.

The judgment is affirmed.

Finlayson, P. J., and Works, J., concurred.

A petition to have the cause heard in the supreme court,
after judgment in the district court of appeal, was denied
by the supreme court on February 27, 1922.

All the Justices concurred.

Lennon, J., was absent and Richards, J., *pro tem.,* was
acting.