# SUPERIOR COURT

Nathan Izeman
vs.                    } Eq. No. 6936.
Max Weinberg et al.

RESCRIPT

September 27, 1924.

HAHN, J. Heard on prayer for a preliminary injunction to restrain respondents from conducting or arranging for the establishment of a business for the sale of new and second-hand wearing apparel within five doors of store number 25 Manton Avenue, Providence, R. I.

The petition for preliminary and permanent relief is based upon an agreement contained in a bill of sale from the respondent Max Weinberg the complainant Nathan Izeman, conveying to the complainant the contents of a store located at 25 Manton Avenue in Providence, and setting out a list of the articles sold. There appears in said bill of sale the following convenant:

"It is mutually agreed by and between the parties that the grantor shall not start another store in the same business as the grantee in any direction within five doors of the said No. 25 Manton Avenue in said City of Providence, Rhode Island."

The bill of sale above referred to, which is dated January 21, 1921, is in evidence and marked Complainant's Exhibit 2.

At the hearing it appeared that respondent Celia Weinberg had opened at 31 Manton Avenue a store of the nature prohibited by the restrictive agreement above set forth, which said store was started and is managed and the business there carried on by Max Weinberg, her husband, who bought the stock of goods and who is in the management and control of the store, Celia Weinberg not understanding about the business or the method of conducting the same. The goods in the store at 31 Manton Avenue, the conduct of which it is sought to enjoin, were paid for by checks drawn by Max Weinberg against a bank account in his name, but it is claimed by the respondents that the money expended in the purchase of the goods was furnished and added to said account of Max Weinberg by Celia Weinberg.

The respondents claim that the prayer for a preliminary injunction should not be granted, for the reasons,

First: That the store at 31 Manton avenue is the store of Celia Weinberg and therefore its conduct by Max Weinberg is not prohibited by the restrictive agreement contained in the bill of sale;

Second: That the agreement restricting Max Weinberg from engaging in business is void because it is unlimited as to the time in which Max Weinberg may not enter into buisness; and

Third: That the store at 31 Manton avenue is not within five doors of the store at 25 Manton avenue.

As to the first point, that the store at 31 Manton avenue (the operation of which it is sought to enjoin) is the property of Celia Weinberg and therefore not subject to the contract referred to. This point is without weight, as it is quite clear that the store was started and carried on in Celia Weinberg's name for the very purpose of avoiding the contract of Max Weinberg. The fact that he has the sole management, control and operation of the store deprives the complainant of the very protection which he desired before he purchased the business of Max Weinberg by the bill of sale above referred to, and taking title in the name of Celia Weinberg appears to the Court to have been an effort to avoid the performance of this agreement.

Second, as to the restriction being for an indefinite period. Our Supreme Court in the case of French vs. Parker,

16 R. I., 219, held that a restriction for an unlimited time, if the space were limited, was enforceable.

See also Skloroff vs. Shloroff, 106 Atl. 793; Coker vs. Ritchie, 204 Pac. 551.

The space to which the restriction applies being but five doors, and apparently the business having been purchased by the complainant with a substantial part of the consideration for the purchase being that he should not be subjected to competition from the respondent Max Weinberg, it is not unreasonable that the time of the restriction should be unlimited.

Third: As to the meaning of "within five doors of 25 Manton avenue." A plat was introduced in evidence and marked Complainant's Exhibit 1, which rather indefinitely shows the location of the various properties between No. 25 and No. 31 Manton avenue, but this plat does not show the location of all of the doors between the two stores. On the 24th of September, this Court and counsel proceeded to Manton avenue to view the premises involved in this suit, and made certain measurements in regard to distance between the stores and observed the various doorways and openings existing in the space between the store No. 25 Manton avenue and the store at No. 31 Manton avenue.

Assuming, for a description of the location, that Manton avenue runs east and west and that the various buildings referred to are on the north side of Manton avenue, the same may be described as follows: The store at 25 Manton avenue has a width of 15 feet and 2 inches, and extends westerly to a fence and gateway, which is the entrance to a mill a number of feet north of Manton avenue. The entire width of the entrance to the mill, including gateway and fence, extending westerly from the end of the store at 25 Manton avenue, is 23 feet and 9 inches. The door of the mill (which is probably two or three hun-

dred feet to the north of Manton avenue) does not face the gate but the door is at angles with Manton avenue. In order that the respondents may be fully protected in their rights, this gate should be regarded as a doorway or entrance way to the mill, and therefore is to be counted as one door. Next west of the gateway is a cottage house which is numbered 29 Manton avenue. The two entarnces to this cottage house do not face Manton avenue, but are at the side of the house at angles with Manton avenue, nevertheless, credit should be given for one door in the space between the fence at the westerly end of the entrance to the mill up to a lunch cart, hereinafter referred to. This space is 16 feet and 7 inches. On a portion of the lot upon which the cottage is located is a permanent lunch cart which has an entrance directly upon Manton avenue and credit is given for that entrance. Next west of the lunch cart is a fence which separates it from the land upon which is the building in which store No. 31 is located. To the west of this fence is a small passageway to a laundry at the rear and connected with the building in which store No. 31 is located. This entrance way is 2 feet and 8 inches wide and after proceeding down the passageway possibly thirty or fourty feet, there is a doorway facing Manton avenue, and credit should be given for one door in this space. There is another door entering the upper part of the building, but this door is at angles with Manton avenue ,does not face it, but faces east as do the doors of the cottage, and next beyond this passageway is the store at No. 31.

It appears to the Court that, giving to the respondents all credit for doorways and construing the word "door" to include entrance ways to property, there are but four doors between the store of complainant and the store of respondents.

The total distance from the store of complainant to the store of respondents is 67 feet and 8 inches. There would not be room in 67 feet and 8 inches to include more than four stores the width of the store of complainant, allowing for partitions and divisions. Namely, the total distance is 67 feet and 8 inches and the complainant's store is 15 feet and 2 inches wide. So, if improvements had been made between the store of complainant and the store of respondents, taking a fair width for each of stores and an allowance for the walls of the building in which they were located, there could be but four such stores between that of the complainant and that of the respondents.

It is not jus or equiable that respondents should be allowed to open and carry on business, directly or indirectly, in the store at No. 31 Manton avenue, and a preliminary injunction may be entered so restraining them.

For Complainant: J. Semonoff.

For Respondents: F. L. Hanley.