[L. A. No. 11834. In Bank.—June 27, 1930.]

ELIZABETH JANSEN, Respondent, v. JOSEPH M. JAN-
SEN, Appellant.

Guy B. Graham and Wm. Bronsten for Appellant.

James F. McBryde, Eugene J. Wix and Oliver O. Clark
for Respondent.

PRESTON, J.—Motion to dismiss appeal from an order
allowing attorney's fees and costs of suit. Treated as a
motion to affirm the order, it should be granted.

Plaintiff obtained an interlocutory decree of divorce against defendant on October 25, 1928. Defendant thereafter filed a notice of intention to move for a new trial. On December 12th following, plaintiff gave notice of a motion for attorney's fees and costs in preparation for motion for new trial. On December 18th the motion was granted. On December 21st the motion for new trial was denied, and on December 28th notice of appeal was filed from the interlocutory judgment and the order allowing said attorney's fees and costs.

Appellant has furnished no record whatsoever upon which the propriety of this order may be reviewed. He has simply filed a reporter's transcript of the testimony taken in the case and the proceedings on motion for new trial and a clerk's transcript, in which is included what purports to be the notice of motion for said attorney's fees and costs, the order allowing same, the notice of motion to vacate said order, and an order denying that motion. But nowhere does it appear that these papers were used by the court on the hearing. Much less does it appear that these were the only papers so used. In the absence of a bill of exceptions or a record as provided in section 953a of the Code of Civil Procedure, there is nothing upon which to base an attack upon said order. However, we have consulted the brief of counsel for appellant, and his point seems to be that the notice of motion called for a hearing at 2 o'clock on the eighteenth day of December, whereas, in fact, the court heard and granted the motion at 11 o'clock A. M. of said day. This matter, however, was gone into by the court on motion to vacate the said order, and the court, after such hearing, adhered to its former order. In the absence of a showing to the contrary, we must presume the court had ample support for such action.

The order is affirmed.

Shenk, J., Seawell, J., Richards, J., Langdon, J., and Waste, C. J., concurred.