[Civ. No. 7280. Second Appellate District, Division One.—June 22, 1932.]

COKER & TAYLOR, INC. (a Corporation), Respondent, v. R. F. PRUITT et al., Defendants; ALTADENA NATIONAL BANK, Appellant.

Stick, Moerdyke & Gibson and H. Y. Gibson for Appellant.

James F. McBryde for Respondent.

TAPPAAN, J., *pro tem.*—The Altadena National Bank appeals from a judgment entered as against it and its co-defendant Pruitt. Pruitt's default had been entered before the trial was had below. The complaint herein alleges, in three counts, a cause of action arising from or under the terms of a certain order made by defendant Pruitt in favor of plaintiff and directed to and accepted by defendant Altadena National Bank. The three counts of the complaint merely state the same cause of action in three different forms. The answer of the Altadena National Bank is in the form of a general denial of the material allegations of the complaint. The order, a copy of which was set up in the complaint, reads as follows:

"December 2nd, 1926.

"Altadena National Bank,
    "769 E. Mariposa,
        "Altadena, Calif.
"Gentlemen:

"You are hereby authorized to pay to the order of Coker & Taylor, Inc., plumbing contractors, the sum of $2,459.00 for plumbing materials and labor furnished and used in the construction of 4—8 apt and 2—2 apt buildings situated on Lot 2, Blk 31, Town of Glendale, and charge same to moneys received from the Sun Lumber Company out of Third Payment.

"R. F. Pruitt.

"Accepted:
        "Altadena National Bank,
                "C. N. Newhall,
"Title.                    Cash."

The facts as disclosed by the record presented here show that plaintiff and defendant Pruitt entered into a contract whereby plaintiff agreed to install certain plumbing in building to be constructed by Pruitt. The contract price for this work was agreed to be paid by three certain orders made and executed by Pruitt in plaintiff's favor. Two of these orders, in the same amount were drawn upon defendant Altadena National Bank and accepted by it. One of these orders upon the bank was paid, and it is alleged that the other order was not paid, and it is the basis of this action. The plumbing contract was fully completed by plaintiff and

no question arises thereunder. The evidence discloses that defendant bank received from the Sun Lumber Company and collected six checks aggregating the sum of $36,381.60. These checks in each instance were noted by defendant bank as credited to R. F. Pruitt building loan. The checks were received by defendant bank over a period of some five months, each separate check being in a sum more than sufficient to pay plaintiff's orders. The Sun Lumber Company had been authorized and directed by defendant Pruitt to pay the proceeds of the building loan made in connection with the property here involved to defendant Altadena National Bank.

The first specification of error made is, quoting the language used, "Appellant first claims the payment of the order sued on herein." This contention of appellant amounts in effect to an attack upon the finding made by the trial court that the order in question was unpaid, and must be predicated upon the theory that there is no evidence presented by the record sufficient to support the finding. This position, assumed by appellant, and under the circumstances here presented is somewhat anomalous. Appellant's answer amounts to a general denial of the transaction as alleged by the complaint. It does not plead payment as an affirmative defense. The evidence upon which appellant relies is all of a negative nature. There is direct evidence to support all of the allegations of the complaint, including as well evidence of the issuance of the two orders upon appellant, their change in form at appellant's request, the payment of one of the orders and the nonpayment of the other order. Appellant failed to produce any evidence directly tending to prove payment. Appellant introduced a check drawn by its co-defendant Pruitt, upon appellant and paid by it, made payable to respondent, in an amount equal to the sum named in each of the two orders issued to respondent in this transaction. Appellant contends that this check, when considered in conjunction with certain entries in the account as introduced by respondent, tends to support its theory of payment. As to these entries it may be said that though the dates that appear therein may have a tendency to confuse the issue, the fact stands out that from this account it appears that there was payment of but one of the two orders issued

respondent in the transaction. Though demand was made by respondent for the production of this paid order, appellant disclaimed any knowledge of it whatsoever. The fact that the check produced by appellant was signed by appellant's co-defendant and not appellant would not seem irregular in view of the fact that the checks received from the Sun Lumber Company were all credited to some account of Pruitt, as the checks themselves show. There is presented by the record here evidence to support the finding made by the trial court that the order in question was unpaid. At best, there can be said to exist but a conflict in the evidence. The sufficiency of the evidence may not be questioned here.

Under the general heading of ''Error of Court'' appellant first complains of the ruling of the court by which it was prevented from showing the condition of the account existing between it and its co-defendant Pruitt. In this there was no error. The evidence offered would have been immaterial. The appellant's liability under the order was fixed as to respondent at the time it accepted the order in respondent's favor and received the funds upon which the order was made contingently payable. No question involving rescission or fraud was presented.

The second question presented under the caption ''Error of Court'' involves an order made by the trial court settling the transcript. The validity of this order is not properly subject to attack here. There is no notice of appeal from this order included in the record, nor notice to prepare transcript under the provisions of section 953a of the Code of Civil Procedure. Said section provides in part as follows: ''If the judgment, *order* or decree appealed from, be not included in the judgment roll, the party desiring to appeal shall, *on the filing of said* notice, specify therein such of the pleadings, papers, records and files in said cause as he desires to have incorporated in said transcript in addition to the matters hereinbefore required and the same shall be included.'' The judgment herein is dated August 22, 1929, and was filed on August 23, 1929. The notice of appeal and notice to the clerk to prepare transcript under section 953a of the Code of Civil Procedure are dated September 5, 1929. The order complained of is dated January 28, 1930. The order and affidavits used in the hearing had upon matters involved therein are not properly a part

of the judgment-roll. (Sec. 670, Code Civ. Proc.) The order in question was one made *subsequent* to the judgment and in the absence of a bill of exceptions or a reporter's transcript of the proceeding leading to an order there is no record upon which the appeal can be considered. (*Brown* v. *Canty*, 31 Cal. App. 183, 184 [159 Pac. 1056]; *Jansen* v. *Jansen*, 209 Cal. 666, 667 [290 Pac. 25].

■ Appellant's last point is "Non-liability of Bank". From a careful reading of appellant's brief filed herein it would seem that appellant's contention in this regard is that the acts of appellant, a national bank, in reference to the order sued upon, are *ultra vires*, and so it is absolved from all liability in regard thereto. With this contention we cannot agree. "When a corporation seeks to avoid its contract on the ground of its want of power to contract, where the contract is not upon its face necessarily beyond the scope of its authority, it will in the absence of proof be presumed to be valid, and the corporation must make good its defense of *ultra vires* by plea and proof." (*Todd* v. *Temple Hospital Assn.*, 96 Cal. App. 42, 48 [273 Pac. 595, 598].) Appellant did not plead the defense of *ultra vires* and there is no evidence in the record to support such contention. The evidence, viewed in the light most favorable to appellant, shows that it received upon what may be termed a special deposit agreement certain moneys and that it failed to disburse them in accord with its agreement. The authorities cited by appellant are to the effect that a national bank may not agree to extend credit under certain specified circumstances and are to be distinguished from the instant case in this, that here the evidence shows that the bank was contracting to pay from moneys of another and was not extending credit for another's benefit.

The judgment appealed from is affirmed.

Conrey, P. J., and York, J., concurred.